Opinion delivered June 16, 1888.

25a 597
25a 600

## No. 5988.

## H. HENNERSDORF v. THE STATE.

SUNDAY LAW—TERM DEFINED.—See the opinion for the definition of the term "necessity" as it is used in the statute denouncing the offense of laboring on Sunday; and note that under that definition the operation of an ice manufactory on Sunday is such a labor of necessity as comes within the exceptions of the statute.

APPEAL from the County Court of Brown. Tried below before the Hon. R. P. Conner, County Judge.

The opinion discloses the case. The penalty assessed against the appellant was a fine of ten dollars.

*Bell & Drane*, for the appellant.

*W. L. Davidson*, Assistant Attorney General, for the State.

HURT, JUDGE. Appellant was convicted in the county court for laboring on Sunday. (Penal Code, art. 183.)

Works of necessity are excepted from the operation of this article, and the only question for the decision is, does the evi-

dence in this record bring the case within this exception? We must look to the facts; which are: The Brownwood Ice Factory was operated on Sunday as alleged. Defendant had the management and control, and was present superintending and directing its operation on Sunday. That, if said factory were closed from Saturday night at twelve o'clock to Sunday night at twelve o'clock, it would require from twenty-four to thirty hours to reduce the temperature so that ice could be drawn. The first ice drawn from the moulds would be spongy, unsaleable ice; that the machinery is very sensitive to heat of the sun, and during the summer the temperature in the brine vats would rise from sixteen to twenty degrees in a day; and that it requires more labor and time to recover a degree above ten degrees than below.

Do these facts present a case of necessity? What is meant by works of necessity? Under very similar statutes to the one under which this prosecution is had we find this definition: By the word "necessity" we are not to understand a physical and absolute necessity, but a moral fitness or propriety of the work and labor done under the circumstances of any particular case may be deemed "necessity" within the statute. (Flagg v. Inhabitants of Millbury, 4 Cush., 243; Comm. v. Knox, 6 Mass., 76; Pearce v. Atwood, 13 Mass., 354.)

Nor will it do to limit the word "necessity" to those cases of danger to life, health or property, which are beyond human foresight to control. On the contrary, the necessity may grow out of, or indeed be incident to, a particular trade or calling, and yet be a case of necessity within the meaning of the act. For it is no part of the design of the act to destroy or impose onerous restrictions upon any lawful trade or business; and hence, under a similar statute, it has been held in a sister State that it is lawful to keep a blast fireman at work on Sunday, because it is a work of necessity. So, too, it has been held that under special circumstances a mill may grind on that day, and I think it will hardly be questioned that a gas company may supply gas, a water company water, and a dairyman milk to their respective customers on that day. (McGatrick v. Wason, 4 Ohio State, 560, per Thurman, C. J.)

In line with these principles it is held that such labor on Sunday as is a *necessary* incident to the accomplishment of a lawful purpose, such as the manufacture of malt beer, is not a violation

of the statute.    (Crockett v. The State, 33 Indiana, 416; Morris v. The State, 31 Indiana, 189.)

Applying the principles of these cases to this, it is evident that the labor in operating an ice factory is a "work of necessity," and comes within the exception.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*