CAROLINA SALISBURY, Appellant, v. FRANCIS O. SALISBURY, MARY E. DUGGAN and G. W. GIBBS, Sheriff of Dent County.

### Division Two, April 9, 1918.

**JURISDICTION**: Injunction to Enjoin Execution: Residents of Another County. The circuit court, having rendered a judgment for debt, has no jurisdiction to enjoin the judgment creditor, a resident of another county, and the sheriff of that county, from selling land under execution issued out of said court. Nor can it obtain jurisdiction by the joining in the petition, as a defendant, of the original judgment debtor, who resides in the same county in which the judgment was rendered and who neither has nor claims any interest in the land in the other county levied upon, and is not acting in concert with the other defendants. To make a resident of a county a defendant for the sole purpose of giving the circuit court of that county jurisdiction is not lawful.

Appeal from St. Louis City Circuit Court.—*Hon. Kent K. Koerner,* Judge.

AFFIRMED.

*John J. O'Connor* for appellant.

(1) The statute provides that where two or more defendants are sued jointly and one of said defendants and the plaintiff reside in the county where the suit is filed, personal service of summons with copy of petition in said suit, on the resident defendant, will entitle the plaintiff to have copies of the summons sent to the sheriff or other proper officer of each of the different counties wherein the non-resident defendants reside, and services of said copies on such defendant's by such sheriffs will bring such non-resident defendants into court and subject their persons to the jurisdiction of the court as effectually as if the summons were served on them in the county where the suit was pending. Sec. 1751, R. S. 1909; Davison v. Hough, 165 Mo. 572. (2) It

will not be said that Francis O. Salisbury was not a material party to this suit. The judgment, the collection of which is sought to be enjoined, is against him, and moreover, if he was an improper party, the defect should have been reached by demurrer. This not being done the defect, if any, was waived. Defendant Duggan in her separate answer alleges that he is the owner of said land. (3) Where two or more grounds are alleged in a petition, and either if true would give the plaintiff a cause of action, or the court jurisdiction, as in this case, the fact that the plaintiff in such case fails to prove one ground will not deprive such plaintiff of the ground that is proven. State to use v. McDougal, 16 Mo. App. 414. (4) If the court has jurisdiction of the subject-matter, the appearance of the defendants by answer to the merits, waives all objections to the service of summons and jurisdiction of the court over the persons of the defendants so answering. Hembree v. Campbell, 8 Mo. 572; Brown v. Woody, 64 Mo. 547; Shuler v. Am. Benev. Assn., 132 Mo. App. 123; Thomasson v. Ins. Co., 217 Mo. 485; Julian v. Kansas City Star, 209 Mo. 35; Allen v. Welch, 125 Mo. App. 278; Sperry v. Hurd, 267 Mo. 639; Ewing v. Vernon County, 216 Mo. 681; Schroeder v. Edwards, 267 Mo. 482; Mathias v. Arnold, 191 Mo. App. 352.

*W. P. Elmer* for respondent.

(1) The question of jurisdiction over the person may be raised by answer if it does not appear on the face of the petition. Bonert v. Hotel Co., 130 Mo. App. 636; Byler v. Jones, 79 Mo. 261. It is only when the plaintiff pleads to the merits without raising the question of jurisdiction that it is waived. Julian v. K. C. Star, 98 U. S. 476; Little v. Herrington, 71 Mo. 391. (2) Several defendants may be joined, though they reside in different counties, but all the parties so joined must be jointly interested or act together in the nature of a conspiracy before jurisdiction can be obtained over any defendant not residing or served in the county

where the plaintiff resides. The court has no jurisdiction over the defendants. Sec. 1751, R. S. 1909; State ex rel. v. Bradley, 193 Mo. 33; Little v. Herrington, 71 Mo. 391; Comm. Co. v. Black, 130 Mo. 668. (3) Division No. 6 had no jurisdiction to issue an injunction to restrain the execution of proceedings from Division No. 5 of the circuit court of St. Louis City, for the reason that one court cannot enjoin or stay the proceedings of another court where they are of equal jurisdiction and authority. Scrutchfield v. Sauter, 119 Mo. 615; Sec. 2516, R. S. 1909; Bank v. Poole, 160 Mo. App. 133; Farris v. Smithpeter, 166 S. W. 656; Norman v. Eastman, 230 Mo. 168. Sec. 2244, R. S. 1909, points out the way of quashing executions, and this procedure is exclusive. Strangers might proceed under it the same as parties. Bank v. Poole, 141 S. W. 732. If there is no defect in the judgment, execution or levy, it should not be quashed. Cope v. Snyder, 99 Mo. App. 496. (4) An action to remove a cloud or prevent a cloud from being cast on title, affects the title to real estate and must be brought in the county where the real estate is located. Sec. 1753, R. S. 1909; Davidson v. Huff, 165 Mo. 572.

ROY, C.—This is a suit to enjoin the sale of land under execution. The bill was dismissed and plaintiff has appealed.

Plaintiff and Francis O. Salisbury, one of the defendants, are husband and wife, and are residents of St. Louis. The other two defendants are residents of Dent County, of which said Gibbs is sheriff. Plaintiff furnished her husband with money to buy for her some Dent County land. He did so, but fraudulently took the title in his own name. He got in debt to defendant Duggan, and she recovered judgment for it against him in the circuit court of the city of St. Louis in April, 1914. Execution was issued on that judgment, directed to defendant Gibbs as sheriff of Dent County, and was levied on the land. Plaintiff then sued her husband in Dent County to divest him of title to the land and

to vest it in herself. The husband entered his voluntary appearance therein, but filed no answer. The decree was in accordance with the petition.

Thereupon, plaintiff brought this suit in the circuit court of St. Louis to enjoin the sale of the land under that execution. The petition charges that defendants Duggan and Francis O. Salisbury are acting together in the attempt to sell said land under said execution.

The answer of defendant Duggan contained the following:

"First: Questions the jurisdiction of the court over the person of Mary E. Duggan in this cause for the reason that she, the said Mary E. Duggan, is a resident of Dent County, Missouri, and was a resident of said county at the date of the filing of plaintiff's bill, and that the plaintiff is a resident of the city of St. Louis, Missouri, and that G. W. Gibbs, the sheriff of Dent County, Missouri, is a resident of Dent County, and that the plaintiff fraudulently and unlawfully joined her husband, Francis O. Salisbury, as a party defendant in this action for the sole and only purpose of seeking to acquire jurisdiction over the person of this defendant, Mary E. Duggan, and her co-defendant, G. W. Gibbs, sheriff of Dent County; and that there is no joint interest or liability, existing between the said defendants, Francis O. Salisbury and Mary E. Duggan, and the said G. W. Gibbs, sheriff of Dent County, and this court is without jurisdiction to hear and determine this case as an independent action of injunction.

"Further answering, the defendant Mary E. Duggan, avers that this court has no jurisdiction over the subject-matter of this action in this, to wit: That this court had no right to issue an injunction restraining the proceeding of Division No. 5 of the circuit court of St. Louis City, and to restrain the sale of the lands described in plaintiff's petition under an execution issued by Division No. 5 of this court, and that this court had no control over the proceedings and execution issued by Division No. 5."

The answer of defendant Francis O. Salisbury was as follows:

"Now at this day comes Francis O. Salisbury, one of the defendants named in the above entitled cause, and for his separate answer to the plaintiff's petition heretofore filed in said cause says that he admits the truth of every allegation in said petition contained, except that he denies that he had aided the other defendants in depriving plaintiff of her land."

On the trial the court found that plaintiff furnished the money to buy the land, and that the title was to have been put in her name; but that there was no evidence to indicate any conspiracy between Duggan and plaintiff's husband to sell the land under execution. The Court then said:

"But there is absolutely no evidence here as to any collusion between Francis O. Salisbury and Mary Duggan. And that being the case, I do not see how this court has any authority to hear and determine the rights of the plaintiff in this action in so far as attempting to restrain residents of a different county from interfering in any way with her right to a clear title and restrain from taking any action that would result in a cloud being put on her title. I am of the opinion that this matter has to be tried in Dent County."

I. We agree with the learned trial judge that the circuit court of St. Louis had no jurisdiction herein against the defendants Duggan and Gibbs, residents of Dent County. Francis O. Salisbury neither had nor claimed any interest in the property, and was not acting in concert with the other defendants. He was evidently made a defendant for the sole purpose of giving the circuit court of St. Louis jurisdiction. That can not be lawfully done. [State ex rel. v. Bradley, 193 Mo. 33; Haseltine v. Messmore, 184 Mo. 298.]

II. A plea to the jurisdiction is properly joined with a plea in bar. [State ex inf. v. Vallins, 140 Mo. l. c. 536, and cases there cited.]

The action of the trial court in sustaining the plea to the jurisdiction and dismissing plaintiff's bill is sustained. *White, C.,* concurs.

PER CURIAM:—The foregoing opinion of Roy, C., is adopted as the opinion of the court. All of the judges · concur.