## TEXAS EMPLOYERS' INS. ASS'N v. STOREY et al.    (No. 677.)

Court of Civil Appeals of Texas. Waco. May 17, 1928.

Rehearing Denied June 21, 1928.

1. **Master and servant 386(1)—Compensation payable for death of one employed more than year is based on wages paid during year preceding death, and not 300 times daily wage (Rev. St. 1925, art. 8306, § 8, and art. 8309, §§ 1, 2).**

In view of Rev. St. 1925, art. 8306, § 8, in determining amount of compensation payable for death of employee employed more than 300 days, average weekly wages of deceased employee is to be ascertained by amount of wages actually received by him during year immediately preceding his death, and not by taking 300 times daily wage under article 8309, §§ 1, 2, since latter sections are applicable only when employee has worked less than year.

2. **Infants 83—Fee held properly allowed guardian ad litem for minor made defendant in compensation insurer's suit to set aside award.**

Where compensation insurer brought suit against employee's widow and minor son to set aside award and attorney was appointed as guardian ad litem for minor, and represented minor during trial, held that court properly allowed a fee for the guardian ad litem.

3. **Infants 83—In determining fee of guardian ad litem, difficulties and importance of case, work performed, amount involved, and benefits to ward should be considered.**

In determining question of reasonable fee for guardian ad litem, difficulties and importance of case, amount of work performed, amount involved in litigation, and benefits to ward from results of litigation should be considered.

---

For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. Infants ⊚⟶83—Allowing fee to guardian ad litem without hearing expert testimony held proper, where court was familiar with services rendered.**

Where services of guardian ad litem were rendered under order and supervision of trial court, and court was thoroughly familiar with nature, extent, and value of services rendered, *held* that it was within court's province, without hearing expert evidence, to allow reasonable fee to such guardian.

**5. Appeal and error ⊚⟶984(1)—Infants ⊚⟶83 —Allowance of fee to guardian ad litem is within trial court's discretion, which will not be disturbed on appeal, in absence of abuse (Rev. St. 1925, art. 2159).**

In view of Rev. St. 1925, art. 2159, allowance of reasonable fees to guardian ad litem is within sound discretion of trial court, not reviewable by Court of Civil Appeals unless it clearly appears that there has been an abuse of such discretion.

Appeal from District Court, McLennan County; Giles P. Lester, Judge.

Action by the Texas Employers' Insurance Association against Mrs. Annie Storey and another, to set aside an award made by the Industrial Accident Board. Judgment for defendants, and plaintiff appeals. Affirmed.

S. P. Sadler and Leachman & Gardere, all of Dallas, for appellant.

W. V. Dunnam and F. M. Fitzpatrick, both of Waco, for appellees.

STANFORD, J. Suit by appellant, Texas Employers' Insurance Association, against appellees, Mrs. Annie Storey and her minor son, John William Storey to set aside an award made by the Industrial Accident Board in favor of appellees and against appellant for compensation due appellees under the provisions of the Employers' Liability Act (Rev. St. 1925, arts. 8306–8309) by reason of the accidental death of Claude Storey, husband of Mrs. Annie Storey and father of John William Storey, while engaged in the performance of his duties as employee of the Texas Power & Light Company. The case was tried before the court without a jury, and judgment rendered against appellant that it take nothing by its suit against appellees, and awarding a recovery in favor of appellees on their cross-bill against appellant for the same compensation allowed them by the Industrial Accident Board. Appellant has duly appealed, and presents the record here for review.

[1] Under several assignments and propositions thereunder submitted, appellant contends, in effect, that the trial court erroneously adopted the wrong method in arriving at the average weekly wages of Claude V. Storey, deceased, resulting in an excessive weekly wage. The record discloses that Claude Storey had worked for the Texas Power & Light Company 5 years; that for 3 years immediately preceding his death said company paid him $145 per month; that his contract of employment required him to be on duty about every seventh Sunday, ready to perform any service of necessity that might arise; that said contract required him, when called upon to do so, to work overtime, for which the company paid him time and half time. The record shows that, during the year immediately preceding his death, including his overtime, etc., he worked more than 300 days, and the company actually paid him $1,759.86, and by reason thereof his average weekly wage was $1,759.86 divided by 52 weeks, or $33.84, 60 per cent. of which was $20.30, but, as $20 per week is the maximum allowed by the statute, both the Accident Board and the trial court, in arriving at the compensation allowed appellees, fixed same at $20 per week. Appellant contends the board, and the court on the trial of this case, were required to follow the provisions of sections 1 and 2 of article 8309 in arriving at 60 per cent. of Claude Storey's average weekly wages, and that both erred in not so doing.

We think this is the same question that was involved in the case of Howard et al. v. Texas Employers' Insurance Association, 292 S. W. 529, in which the Commission of Appeals, in an opinion approved by our Supreme Court, held adversely to appellant's contention. In the Howard Case, the trial court arrived at the average weekly wage in accordance with the provisions of sections 1 and 2 of article 8309, Revised Statutes, and the judgment in said cause was affirmed by the Court of Civil Appeals (282 S. W. 266). A writ of error was granted, and the Commission of Appeals recommended the reversal of the Court of Civil Appeals and the reforming of the judgment of the trial court, holding sections 1 and 2 of article 8309 were not applicable, and adopted the same method in arriving at the average weekly wage as used by the trial court in this case, which holding was necessarily approved by our Supreme Court in adopting the recommendation of the Commission of Appeals. The Howard Case and this case are similar, in that the record in each case showed affirmatively that the deceased worked more than 300 days during the year immediately preceding his death. It is our duty, as we view it, to follow the holding of our Supreme Court in the Howard Case. We do not think that the Legislature, in enacting sections 1 and 2 of article 8309, intended that the method there provided for ascertaining the average weekly wages of an employee should be applied arbitrarily in all cases, regardless of the circumstances of each particular case. The method there provided is, doubtless, intended to assist the board and the trial court in arriving at the fair average weekly wages of an employee

⊚⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

who had been employed in his then employment less than a year at the time of his death, and was not intended to require the board of the court to do injustice to beneficiaries by presuming the deceased labored only 300 days in the year, when the record shows affirmatively that he actually labored more than 300 days. Article 8306, § 8, Revised Statutes; Howard et al. v. Texas Employers' Insurance Association (Tex. Com. App.) 292 S. W. 529. We overrule these assignments.

[2-5] Under other assignments and propositions, appellant contends the trial court erred in allowing the guardian ad litem for the minor an attorney's fee of $150, because said minor was not a defendant, and because there was no evidence that such was a reasonable fee. The record shows that an award was made by the Industrial Accident Board in favor of Mrs. Annie Storey and her minor son, John William Storey. Appellant brought this suit against appellees, Mrs. Storey and her minor son, to set aside said award. Appellee Mrs. Storey, for herself and as next friend for the minor, filed an answer and a cross-bill. The court then appointed F. M. Fitzpatrick, an attorney at law of the Waco bar, guardian ad litem for said minor, who filed an answer for said minor, adopting the answer and cross-bill filed by appellee Mrs. Storey, and represented said minor on the trial of said case, securing a judgment for said minor for one-half the recovery of $7,200. The court allowed the guardian ad litem a fee to be taxed as costs of $150 without hearing any evidence as to what was a reasonable fee.

The court was correct in fixing and allowing a fee for the guardian ad litem. Norwich Union Indemnity Co. v. Smith et al. (Tex. Com. App.) 298 S. W. 403. It was the privilege of the court to hear evidence of what would be a reasonable fee for the guardian ad litem for his services in representing the minor, but it was not incumbent upon him to do so. In determining the question of a reasonable fee for a guardian ad litem, there should be considered the difficulties and importance of the case, the amount of work performed, the amount involved in the litigation, the benefits to the ward from the results of the litigation, etc. But, as the services of the guardian ad litem in this case were rendered under the order and supervision of the trial court, evidently he was thoroughly familiar with the nature, extent, and value of the services rendered, and with all the matters proper to be considered in fixing the fee, and it was his province, without hearing expert evidence, to allow a reasonable fee to said guardian ad litem. Japhet et al. v. Pullen et al. (Tex. Civ. App.) 153 S. W. 1188; Simmons v. Arnim (Tex. Civ. App.) 172 S W. 184, affirmed by Supreme Court, 110 Tex. 309, 220 S. W. 66. This was a matter within the sound discretion of the trial court, not reviewable by this court, unless it clearly appears that there has been an abuse of this discretion, which does not appear from this record. In fact, appellant does not contend the fee allowed by the court is excessive. Article 2159, Revised Statutes; Japhet et al. v. Pullen et al., supra.

We have considered all of appellant's contentions; also appellees' contention that the judgment should be affirmed, with damages, and overrule same. The judgment of the trial court is affirmed.