CASUALTY RECIPROCAL CO. v. STEPHENS.

No. 895.

Court of Civil Appeals of Texas. Waco.
Feb. 6, 1930.

Rehearing Denied Feb. 27, 1930.

E. C. Gaines, of Austin, and Nat Harris, of Waco, for appellant.

Bryan & Maxwell, of Waco, for appellee.

BARCUS, J.

Appellee instituted this suit to set aside an award made by the Industrial Accident Board and recover compensation under the Workmen's Compensation Act (Rev. St. 1925, arts. 8306–8309, as amended). The cause was submitted to a jury on special issues and resulted

in judgment being entered for appellee for a lump sum settlement.

■■ By various propositions appellant contends there was no pleading, or evidence to support the judgment for permanent total disability, and that appellee's pleadings were not sufficient to support a lump sum settlement, and also contends that, since the injury proved was primarily to the left knee and right wrist, in no event could appellee recover for total permanent disability. We overrule all of these propositions. We think the pleadings are sufficient to support the judgment both for permanent total disability and a lump sum settlement. It was shown without dispute that appellee was employed by the Big Four Ice & Cold Storage Company, which carried compensation insurance, as a fireman. He weighed 235 pounds, and, while standing on a 15-foot ladder, fell on a concrete floor and broke his left kneecap, fractured his right wrist, suffered a severe cut over the eye, broke his nose, knocked out four of his teeth, was knocked unconscious, and he was confined in a hospital for seven weeks. The case was tried seven months after the injury and appellee testified that he was still suffering severe pains in the head; that he had no strength in and no use of his right hand; was still unable to walk on his left leg without a crutch; that the injury to his eye had caused and was at that time causing his head to hurt; that before he was injured he was a stout, robust, healthy man, but since he had not been able to work. Dr. Kee testified that in his opinion appellee's injuries were total and permanent. The physicians placed on the stand by appellant testified that appellee would never be able to as efficiently do the kind of work he had been doing before. We think the evidence supports the findings of the jury. While article 8306 of the Revised Statutes, as amended in 1927 (Gen. & Sp. Laws 40th Leg., p. 41, c. 28, § 1), provides that certain injuries, among others, the loss of one hand and one foot, would as a matter of law be held to be a total and permanent injury, it specifically provides that the enumeration contained therein should not be exclusive. There is no specific method nor any hard and fixed rule of evidence required for a claimant to establish the fact that he had suffered an injury that caused a permanent total disability, but, like any other issue of fact, is to be established by competent evidence. Standard Accident Insurance Co. v. Williams (Tex. Civ. App.) 4 S.W.(2d) 1023, Id. (Com. App.) 14 S.W.(2d) 1015; Southern Surety Co. v. Lacoste (Tex. Civ. App.) 7 S.W.(2d) 197 (error refused).

■■ In response to a special issue the jury found that six per cent. per annum was a reasonable rate of discount to be allowed in event a lump sum settlement was made. Appellant complains of the trial court having submitted said issue to the jury, its contention being that the rate of discount was a question of law exclusively for the court. It did not, however, in any way suggest to the trial court what it thought was the correct rate of discount to be allowed. The decisions of our courts are in a somewhat chaotic condition with reference to the rate of discount to be allowed. In United States Fidelity & Guaranty Co. v. Nettles, 21 S.W.(2d) 31, in which case the Supreme Court has granted a writ of error, this court held that, where no evidence was offered thereon, and no issue had been submitted to the jury relative thereto, that six per cent. per annum was the correct rate to be allowed by the trial court as a matter of law. In the instant case appellee alleged that six per cent. per annum was a reasonable discount and offered proof in support thereof, and the jury so found. Appellant in its brief states that it thinks six per cent. per annum is as a matter of law the correct discount to allow. Since it does not appear that appellant has suffered any injury by the issue having been submitted to the jury, same, if error, was harmless. Appellant's contention that the submission of the issue was an intimation on the part of the court that the jury should allow a lump sum settlement is, we think, untenable and without merit.

■■ In answer to special issues submitted, the jury found that appellee's weekly wage for the year preceding the injury was $25.44, and that his daily wage was $4.409. Appellant contends that the trial court was in error in submitting either of said issues to the jury, because it claims that the evidence showed without dispute that appellee was receiving $3.75 per day, and that his weekly wage, under article 8309 of the Revised Statutes, would be 300 times that amount divided by 52, or $21.634. The record shows without dispute that appellee had for more than a year previous to the injury worked seven days each week at $3.75 per day, or $26.25 per week, except such time as he was unable to work, and for such time his weekly wages were reduced on a basis of $3.75 per day. His employer testified that appellee's wage was $3.75 per day, and that appellee was required to work seven days in each week, since the business in which they were engaged required the machinery to be run constantly, and that no fireman was employed who would not agree to and did not work seven days in each week. Appellant offered in evidence without objection the daily and weekly wages appellee had received for the year preceding the injury, which showed that he had received a total of $1,322.95. The court instructed the jury that in arriving at the weekly wage they should divide the earnings for the preceding twelve months by 52, and that in ascertaining the daily wage they should divide the annual

earnings by 300. This resulted in the jury finding the weekly wage $25.44 and the daily wage $4.409, since it was undisputed that appellee had earned the preceding year $1,322.-95. Thus it appears that by the method adopted the jury found appellee's weekly wage less than the admitted testimony shows, and the daily wage more than the undisputed testimony shows. The trial court having based its judgment on a weekly wage of $25.44, appellant has not been in any way injured by reason of said issues having been submitted to the jury. Under section 12, article 8306, the recovery is fixed at sixty per cent. of the average weekly wages for the preceding year. Article 8309 attempts to define the terms "average weekly wage" and "daily wage." Where the record shows without dispute that an employee has been working for a stipulated weekly wage or a stipulated daily wage for a period of more than one year next preceding the injury, it is not necessary for the matter to be submitted to a jury for its determination. It is only in those cases where the daily or weekly wage has not been fixed by contract for the period of one year that same are to be determined by the jury. Fidelity Union Casualty Company v. Cary (Tex. Civ. App.) 13 S.W.(2d) 993 (error granted on other grounds); Texas Employers' Ass'n v. Storey (Tex. Civ. App.) 7 S.W.(2d) 913, Id. (Com. App.) 17 S.W.(2d) 458. In Texas Employers' Ass'n v. Storey, supra, the Commission of Appeals held that, under section 1, subdivision 3, of article 8309, the court should ascertain the daily or weekly wage in a manner that would be just and equitable to all parties, and that, where it was undisputed that the employee was working more than three hundred days during the year, or more than six days in the week, that the matter should be determined in such a way and by such a method as would be just and equitable to all parties. Clearly appellant's contention that appellee's weekly wage should be determined by multiplying his daily wage of $3.75 by 300 and dividing same by 52 would not be just, since the facts are undisputed that he was working 365 days in the year, with the exception of time lost by sickness or some unavoidable contingency.

■ Appellant contends that it was error for the trial court to overrule his general demurrer to appellee's petition, and that his request for an instructed verdict should have been given, because the contract appellee had with his employer, Big Four Ice & Cold Storage Company, required him to work on Sundays. We overrule this contention. Appellee did not allege that he had a contract under the terms of which he was required to work seven days in the week. His allegation relative thereto was: "That at the time of the injury and for more than one year prior thereto he had been employed by the Big Four Ice & Cold Storage Company as a fireman; that at said time and for considerably and continuously more than a year next preceding the injury he had been earning the sum of $26.25 per week; that he had worked seven days per week for considerably and continuously more than a year next preceding the injury."

Article 283 of the Penal Code makes it an offense for persons to work on Sunday. Article 284, however, provides that said article shall not apply to "works of necessity." The manager of the Big Four Ice & Cold Storage Company, appellee's employer, testified that the work in which it was engaged was of such a nature that it was absolutely necessary for the machinery to be operated every day in the week, and that it was necessary to keep the boilers going and have the fireman there looking after the same, and that he would not employ a fireman who would not work seven days in the week. There was no issue joined by appellant that the work appellee was doing or that the business of his employer was not an act of necessity. It will be presumed in support of the judgment that the trial court found that appellee was engaged in a work of necessity. Maryland Casualty Co. v. Garrett (Tex. Civ. App.) 18 S. W.(2d) 1102; Maryland Casualty Co. v. Marshall (Tex. Civ. App.) 14 S.W.(2d) 337.

■■ Appellant contends the trial court had no jurisdiction to hear and determine this cause, because it does not appear that appellee filed in the trial court the award as made by the Industrial Accident Board within twenty days after he gave notice of appeal. We overrule this contention. Article 8307, § 5, Revised Statutes (as amended by Gen. & Sp. Laws 40th Leg. [1927] c. 223, § 1), lays down the specific things that must be done in order to give the trial court jurisdiction to hear and determine a case which has been appealed from the award as made by the Industrial Accident Board. None of said provisions require that said award be filed in the trial court at any time. There is no question but that this suit was filed within the twenty days. The award as made was introduced on the trial of the case to the court, but did not go to the jury, in order to show the court that it had jurisdiction to hear and determine the case. The question of establishing jurisdiction is not governed by any hard and fixed rule, but may be shown by any legal method. Texas Indemnity Co. v. Moss (Tex. Civ. App.) 18 S.W.(2d) 712.

■ Appellant contends that the answers of the jury to issues 3 and 4 are in conflict with its answer to issue 13. We overrule this contention. In answer to issue No. 3 the jury found that appellee's injury totally incapacitated him to work, and in answer to issue No. 4 they found that said total incapacity was permanent. Issue No. 13 asked the jury to determine whether appellee had suffered any

permanent partial impairment to his left knee, which the jury answered "No." Whether appellee had suffered a permanent partial injury to his left knee was not in any way in conflict with their finding that the injury had caused appellee as a whole to have suffered a total and permanent injury.

Appellant contends that special issue No. 4 is duplicitous. We overrule this contention. By issue No. 1 the trial court asked the jury if appellee was injured. By issue No. 2 he asked if the injuries, if any, were sustained in the course of his employment with the Big Four Ice & Cold Storage Company. By issue No. 3 he asked whether the injury, if any, had totally incapacitated appellee to work, and by issue No. 4 asked: "Is such total incapacity, if any, permanent?" The jury answered each of said questions "Yes." We do not think special issue No. 4, when read in the light of and in connection with the preceding questions, was in any way duplicitous.

We have examined all of appellant's assignments of error and do not think any of them show any reversible error. The judgment of the trial court is in all things affirmed.