## CASUALTY RECIPROCAL EXCHANGE v. STEPHENS.

No. 1284—5756.

Commission of Appeals of Texas, Section B.
Jan. 6, 1932.

E. C. Gaines, of Austin, and Nat Harris, of Waco, for plaintiff in error.

Bryan & Maxwell, of Waco, for defendant in error.

RYAN, J.

This suit was by defendant in error to set aside an award made by the Industrial Accident Board, and resulted in a judgment, based on a jury's verdict in answer to special issues, for defendant in error for a lump sum settlement, which was affirmed by the Court of Civil Appeals. 25 S.W.(2d) 180.

The undisputed evidence showed that defendant in error was employed as fireman at the plant of the Big Four Ice & Cold Storage Company in the city of Waco, and had been so employed for more than two years next preceding the injury. He worked seven days a week for fifty-two weeks during the year preceding the injury at $26.25 per week, except such times as he was unable to work and for such time his weekly wages were reduced on a basis of $3.75 per day. The wage sheet shows that he worked every week during the year and earned $1,322.95 for the year.

His employer's business required the machinery of its ice plant to be run constantly, and no fireman was employed who would not agree to and did not work seven days in each week.

It was necessary for the boilers of the plant to be continuously kept in operation day and

night to preserve the temperature of tanks in which the ice is frozen. It was his duty to fire the boilers and control the steam and water in the boilers. He worked from 5:30 o'clock in the afternoon through the night and until 5:30 o'clock the next morning; another fireman worked the other shift from morning to afternoon.

He weighed about 235 pounds, and, while standing on a ladder and engaged in repairing certain machinery, fell about fifteen feet to a concrete floor, and sustained certain injuries claimed to be total and permanent.

The jury found that on October 21, 1928, defendant in error, in the course of his employment with the Big Four Ice & Cold Storage Company, sustained personal injuries totally and permanently incapacitating him to work; that this is a special case in which manifest hardship and injustice will result to him if compensation is not paid in a lump sum; that 6 per cent. is a reasonable rate of discount to be allowed in the event a lump sum is awarded. The jury found also that defendant in error's average weekly wage, at the time of his injury, was $25.44, and his average daily wage at that time and for the period of the preceding year was $4,409; that he suffered permanent disability as a result of the injuries received other than to the wrist and knee; and that he did not suffer any permanent partial impairment to his left knee.

This latter finding is not inconsistent with the previous findings of permanent disability as a result of injuries received other than to the wrist and knee, and that the injuries received totally incapacitated Stephens to work and such total incapacity is permanent.

■ In answer to issue No. 3, the jury found that the injury totally incapacitated Stephens to work, and in answer to issue No. 4 that said total incapacity was permanent. Issue No. 13 asked the jury to determine whether appellee had suffered any permanent partial impairment to his left knee, which the jury answered "No." That defendant in error had not suffered a permanent partial injury to his left knee is not in any way in conflict with the finding that as a whole he suffered a total and permanent injury. Neither is issue No. 4 duplicitous. By issue No. 1 the trial court asked the jury if appellee was injured. By issue No. 2 he asked if the injuries, if any, were sustained in the course of his employment with the Big Four Ice & Cold Storage Company. By issue No. 3 he asked whether the injury, if any, had totally incapacitated appellee to work, and by issue No. 4 asked, "Is such total incapacity, if any, permanent?" The jury answered "Yes" to each of said questions. We think special issue No. 4, when read in the light of and in connection with the preceding questions, was not in any way duplicitous.

The Court of Civil Appeals held that the findings of the jury as to permanent total disability are supported and were established by competent evidence.

■ It is contended that the trial court erred in refusing the plaintiff in error's request for a physical examination of the injured party, to be made by three competent physicians at its expense; this assignment cannot be considered, because there is no bill of exception in the record upon which to base same, and the record does not reveal any action of the court upon such request.

The record discloses that the only action taken was the filing on May 15, 1929, of the motion by the defendant below praying the court to cause plaintiff below to submit to such examination and an answer thereto under oath. The record does not show what action, if any, was taken by the court thereon, and no bill of exception was reserved. Weatherford, M. W. & N. W. Ry. Co. v. Smith (Tex. Civ. App.) 170 S. W. 133 (writ of error refused); 3 Tex. Jur., § 411.

■ The matter of permitting reasonable examinations of the claimant is within the discretion of the trial court, and its action will not be reviewed unless it is made to appear that such discretion has been abused. U. S. Fidelity & Guaranty Co. v. Nettles (Tex. Com. App.) 35 S.W.(2d) 1045. Whether such discretion has been abused can be shown on appeal only through a proper bill of exceptions, which necessarily must show the ruling of the court, neither of which appear in this record.

■ In response to a special issue the jury found that 6 per cent. per annum was a reasonable rate of discount to be allowed in event a lump sum settlement was made. Plaintiff in error contends that the rate of discount is a question of law exclusively for the court and such issue should not have been submitted to the jury. This identical contention was made in Herzing v. Texas Employment Ins. Ass'n (Tex. Com. App.) 17 S.W.(2d) 1046, and in U. S. Fidelity & Guaranty Co. v. Nettles (Tex. Com. App.) 35 S.W.(2d) 1045, and decided adversely to such contention.

The trial court committed no error in submitting that issue; it having been alleged that 6 per cent. per annum was a reasonable discount, and the proof offered supported the allegation.

■ Plaintiff in error contends that its general demurrer to the original petition and its request for an instructed verdict should have been sustained, because the terms of employment required Stephens to work seven days in the week, the injury occurred on Sunday, and the petition fails to allege any fact bringing the employment under some exception to the criminal statutes prohibiting labor on the Sabbath.

The uncontroverted evidence showed that it was necessary for the machinery to be operated every day in the week and to keep the boilers going continuously and have the fireman there to look after the same.

Article 283 of the Penal Code makes it an offense for any person to work on Sunday; article 284, however, provides that said article shall not apply to "works of necessity."

The precise question, whether operating an ice factory on Sunday is a work of necessity, was before the Court of Appeals in Hennersdorf v. State, 25 Tex. App. 597, 8 S. W. 926, 8 Am. St. Rep. 448, and that court, in an opinion by Judge Hurt, under a state of facts almost identical with those in this case, held that labor in operating an ice factory on Sunday is a work of necessity and comes within the exception.

■ The authorities in this state seem to agree that the term "necessity" as used in this statute, is defined to be not an absolute unavoidable physical necessity, but rather an economic and moral necessity, which might grow out of or be incident to a particular trade·or calling. Lane v. State, 68 Tex. Cr. R. 4, 150 S. W. 637; Hennersdorf v. State, 25 Tex. App. 597, 8 S. W. 926, 8 Am. St. Rep. 448; Maryland Casualty Co. v. Garrett (Tex. Civ. App.) 18 S.W.(2d) 1102.

■ It is insisted that the trial court had no jurisdiction, because the award itself as made by the Industrial Accident Board was not filed in the trial court within twenty days after notice of appeal was given, notwithstanding the pleadings properly allege the making, date, and effect of such award, and allege a case within the jurisdiction of the court, duly filed within the prescribed time. It is insisted that the filing of the award is the controlling jurisdictional fact. We are not in accord with this contention.

The petition alleges that proper notice of the injury was given to the employer within thirty days from the happening thereof, and claim for compensation therefor was made to the Industrial Accident Board within six months as is by law required; that final award was made by said board, on February 21, 1929; that on or about February 26, 1929, and within twenty days from the date of said final award, notice was given by the claimant to the board, the defendant, and its attorney, that claimant would not abide by said award; and that this suit was filed within twenty days from the date of the service of said notice, in a competent court of McLennan county, in which county the injuries occurred. The petition was filed on March 8, 1929.

As said in Hood v. Texas Employers' Ins. Ass'n (Tex. Civ. App.) 260 S. W. 243, 245, approved in Mingus, Receiver, v. Wadley, 115 Tex. 559, 285 S. W. 1084, construing the Workmen's Compensation Act, jurisdiction of the trial. court to hear and determine this character of suit depends "on the following prerequisite proceedings which should be properly alleged and supported by the requisite evidence: (a) That proper application for compensation on account of the injury alleged to have been received was made to the Industrial Accident Board; (b) that final award was made thereon by said board; (c) the giving of notice of the intention not to abide by the award within 20 days from date of same, and the filing of proper suit within 20 days from the date of service of such notice—all being jurisdictional facts and essential to concur before jurisdiction would attach."

Such prerequisites must first be properly alleged and then supported by proper evidence.

The Court of Civil Appeals correctly held [25 S.W.(2d) 180, 183]: "Article 8307, § 5, Revised Statutes (as amended by Gen. & Sp. Laws 40th Leg. [1927] c. 223, § 1), lays down the specific things that must be done in order to give the trial court jurisdiction to hear and determine a case which has been appealed from the award as made by the Industrial Accident Board. None of said provisions require that said award be filed in the trial court at any time. There is no question but that this suit was filed within the twenty days. The award as made was introduced on the trial of the case to the court, but did not go to the jury, in order to show the court that it had jurisdiction to hear and determine the case. The question of establishing jurisdiction is not governed by any hard and fixed rule, but may be shown by any legal method. Texas Indemnity Co. v. Moss (Tex. Civ. App.) 18 S.W.(2d) 712."

The proof having sustained the allegations of the petition, all the statutory requirements as to appeal and jurisdiction were complied with. We find no statute requiring the award, when properly alleged, to be filed within the twenty days required for the filing of the appeal.

■ The trial court submitted this issue to the jury, viz., "Find from the evidence and fix the average weekly wage, if any, of W. A. Stephens at the time of his injury?" and in connection therewith, instructed the jury as follows: "The average weekly wage as contemplated in the instant case is the actual amount of the earnings of the employee for the preceding twelve months divided by 52."

This is in accordance with the rule announced by Judge Critz in Texas Employers' Insurance Association v. Storey (Tex. Com. App.) 17 S.W.(2d) 458. There the claimant worked about 368 days, counting overtime, and earned $1,759.86, which, divided by 52 weeks, produced a quotient of $33.84. Here Stephens actually worked 353.5 days and earned $1,322.95, which, divided by 52 weeks,

equals $25.44½2, the exact amount found by the jury as his average weekly wage. The trial court's judgment is correctly based on 60 per cent. of this amount, equaling $15.26 per week.

As said by Judge Critz, in that case, the claimant's service record shows that he worked more than a 300-day year, and therefore the compensation to be allowed herein should not be computed under either subdivisions 1 or 2 of section 1, art. 8309, Rev. St. 1925, but under subdivision 3 thereof, because under the facts of this case, it is impracticable to compute the average weekly wages as specified in subdivisions 1 and 2 and must be computed in a manner just and fair to both parties.

In Petroleum Casualty Company v. Williams, 15 S.W.(2d) 553, 555, the Commission of Appeals discussed subdivisions 1 to 3 and 5, art. 8309, Rev. Stat. 1925, and reached the conclusion that it would be placing an erroneous construction thereon to hold that an employee must work 365 days in order to work a year and at the same time compute his average annual wages by multiplying his actual average daily wage by only 300. Said the court:

"This construction is further fortified by the fact that it is known of all men, and judicially known by this court, that as a general rule labor does not work on the Sabbath except where engaged in those occupations in which necessity compels them to do so. After we deduct 52 Sundays from the 365 days, barring leap year, we have left but 313 working days. Under article 4591, R. C. S. 1925, there are 11 legal holidays that are generally observed by our citizens in all walks of life. Thus it will be seen that the Legislature has seen fit to define 300 days as a year of labor for the average laborer.

"We are further of the opinion that substantially a year, within the meaning of subdivisions 1 and 2, is exactly 300 days or close to, or near to 300 days. It may be slightly more than 300 days or slightly less than 300 days. That is to say substantially a year means a year or about a year, or so near a year as to be a year for all practical purposes. A reading of the three subdivisions together, and a viewing of same in the light of the entire act, will show any other construction will lead to confusion. * * * A statute should not be given a construction that leads to an absurdity or thwarts the plain purposes of the Legislature. Trimmier v. Carlton, 116 Tex. 572, 296 S. W. 1070."

In that case the court divided the total amount of compensation, $1,791.64 for 363.6 days of work during the year, by 52, the number of weeks, as was done in this case.

The trial court also submitted this issue, "What was the average daily wage of the plaintiff at the time of his injury and for the period of one year preceding said date?" and in connection therewith instructed the jury to "arrive at this by taking the total amount earned in the last year preceding the alleged injury and divide same by 300 and the amount thus obtained would be the average daily wage for the period inquired about." The jury accordingly found $4.409 to be the average daily wage.

Plaintiff in error contends that neither of said issues should have been submitted to the jury, because it claims that the evidence showed without dispute that the claimant was receiving $3.75 per day and his weekly wage should be computed under subdivision 1, section 1, article 8309, Rev. St. 1925, by multiplying that amount by 300, divided by 52, or $21.634.

The record shows without dispute that he had, for more than a year previous to the injury, worked seven days each week at $3.75 per day, or $26.25 per week, except such time as he was unable to work, and for such times his weekly wage was reduced on a basis of $3.75 per day. Therefore it was not necessary to have submitted either of said issues. Where the record shows without dispute that an employee has been working for a stipulated weekly wage or a stipulated daily wage for a period of more than one year next preceding the injury, there is no disputed issue for a jury to pass upon. Admitted facts should not be submitted. Lamar v. Panhandle & S. F. Ry. (Tex. Com. App.) 248 S. W. 34.

It appears that by the method adopted the jury found the weekly wage less than the admitted testimony shows and the daily wage more than the undisputed testimony shows.

The trial court based its judgment on a weekly wage of $25.44 as found by the jury; and plaintiff in error therefore has not in any way been injured by reason of said issues having been submitted to the jury.

The burden of proof was upon the claimant, and the trial court so charged as to issues Nos. 1 to 12 and 16, in answer to which the jury found that the claimant was injured in the course of his employment, totally and permanently incapacitating him to work, and is entitled to a lump sum payment upon a 6 per cent. rate of discount, and specifically in answer to issue No. 12 that he did suffer a permanent disability as the result of injuries received to parts of his body other than to the wrist and knee.

The court did not charge on the burden of proof as to issues Nos. 13, 14, and 15, as follows:

"No. 13. Did the plaintiff suffer any permanent partial impairment to his left knee?" which the jury answered "No."

Then, conditioned upon said issue No. 13 being answered "Yes," issue No. 14 was submitted:

"No. 14. What was the percentage of permanent partial impairment suffered by the plaintiff to his left knee?" The jury did not answer this issue.

"No. 15. What percentage of permanent partial impairment has the plaintiff suffered to his right wrist?" This was not answered by the jury.

Those were issues covering specific injuries unnecessary to a disposition of the case in view of the jury's findings of a permanent total disability, which was the real issue made by the pleadings.

It may be conceded that no permanent partial impairment to the left knee or right wrist, or both, was suffered, but it does not follow that there was no permanent disability to other parts of the body which totally incapacitated the claimant to work.

After the jury found that Stephens was totally and permanently incapacitated, they were not required to find the number of weeks or the percentage of partial incapacity caused by injury to specific parts of the body. Millers' Ind. Underwriters v. Schrieber (Tex. Civ. App.) 240 S. W. 963; Brokaw v. Collett (Tex. Com. App.) 1 S.W.(2d) 1090; Threet v. Lynch (Tex. Civ. App.) 12 S.W.(2d) 230.

Complaint is made that claimant's counsel in argument stated to the jury that answers to special issues Nos. 12, 13, 14, and 15 were immaterial and unimportant, and they need not answer them. The trial court's qualification of the bill of exception on which this complaint is based shows that he instructed the jury to disregard the argument complained of. It is evident that the jury did not consider the argument in question, because they answered special issues Nos. 12 and 13 and in such a way as to make unnecessary any answer to special issues Nos. 14 and 15. Their answer to No. 12 was "Yes"; that is, they found that plaintiff had suffered permanent disability as a result of injuries he had received, to parts of the body other than to his wrist and to his knee. This precluded any specific injury finding. The jury found in answer to No. 13 that plaintiff did not suffer any permanent partial impairment to his left knee. Therefore they could not find in answer to No. 14 the percentage of any such permanent partial impairment and an answer to such issue was impossible. Neither could they find any percentage of permanent partial impairment to the right wrist, for the reason that there was no finding, and no requested issue as to whether there was any permanent partial impairment to the right wrist. These answers were all amply supported by the evidence.

Other objections to the argument of defendant in error's counsel are met by the trial court's qualification to bills of exception based thereon, to the effect that such argument was in response to remarks of the same nature in the argument of counsel for plaintiff in error, and no objection thereto was made at the time.

An appellant who through his counsel has provoked the language used is not in a situation to ask the reversal of a judgment on such a ground. Heidenheimer v. Thomas, 63 Tex. 287; T. & P. Ry. Co. v. Garcia, 62 Tex. 285; Paschal v. Owen, 77 Tex. 583, 14 S. W. 203. The objections should therefore be overruled.

The case was correctly decided, and we therefore recommend that the judgments of the district court and Court of Civil Appeals be affirmed.

. CURETON, C. J.

Judgments of the district court and Court of Civil Appeals are both affirmed, as recommended by the Commission of Appeals.