J. M. NELON, Appellant,

v.

Ed THOMAS and Pat Thomas, d/b/a Thomas & Thomas, Appellees.

No. 7169.

Court of Civil Appeals of Texas.

Texarkana.

Oct. 27, 1959.

Rehearing Denied Nov. 17, 1959.

Harkness & Friedman, Harry B. Friedman, Texarkana, for appellant.

Sidney Lee, Texarkana, for appellee.

FANNING, Justice.

George Crawford sued J. M. Nelon for an accounting on a partnership and/or joint venture. Nelon answered denying Crawford's claims, alleging that he had overpaid Crawford for his interests and also asserted various cross-actions against Crawford, alleging that he had a cross-claim for $5,000 for rent against Crawford, a cross-claim of $2,000 against Crawford for use of a vehicle belonging to the parties, and alleged a cross-claim against Crawford in the sum of $200,000 for libel and slander. Crawford and Nelon entered into a stipulation whereby they agreed that the trial court could appoint an auditor to audit the accounts and business affairs of the partnership of the parties and in this stipulation Crawford and Nelon agreed that partnership property would be sold by the parties to pay the auditors. The trial court appointed Thomas & Thomas, certified public accountants, to make the audit in question. The auditors began the audit in March 1958 and completed the audit in January 1959, using the services of several of their employees as well as their own in preparing the audit, covering transactions and business of the partnership involving an amount in excess of four million dollars, and said firm of auditors rendered a bill for their services in the amount of $13,390.01, less the sum of $1,700 which had previously been paid. On April 16, 1959, the auditors filed a written application requesting allowance and payment of their fee and notice of the application was served by registered mail upon counsel for plaintiff Crawford and upon counsel for defendant-cross-plaintiff Nelon. Nelon filed a written contest to the auditors' fee contending that such charges were excessive and exorbitant. Plaintiff Crawford did not file any contest to the auditors' request for allowance of fees but on April 21, 1959, plaintiff Crawford through his attorney filed a motion to dismiss the cause alleging that all matters of controversy between plaintiff Crawford and defendant-cross-plaintiff Nelon had already been settled in which settlement Nelon

had agreed to pay the auditors' fee which might be adjudged to be paid to Thomas & Thomas, the auditors; this motion further alleged that plaintiff's counsel had leave of his client Crawford to withdraw from the cause in the event the court did not grant his motion to dismiss and prayed in the alternative that plaintiff's counsel be allowed to withdraw. The record does not show that this motion was ever acted upon or that any trial on the merits of plaintiff's suit or defendant-cross-plaintiff Crawford's cross-actions was ever had or that a final judgment was ever rendered disposing of the controversies between Crawford and Nelon. Defendant-cross-plaintiff Nelon filed a written opposition to Crawford's motion to dismiss, stating that defendant was still insisting on his cross-actions and that the cause could not be dismissed and that he controverted portions of the audit and demanded a jury trial. On April 25, 1959, the trial court heard the application of Thomas & Thomas, heard the objections of appellant Nelon, and heard evidence on the matter. The trial court after a full hearing allowed the auditors' fees in the amount of $13,390.01, less $1,700 previously paid, the balance due being $11,690.01, ordered that same be taxed as costs in the case and directed the clerk of the court to issue execution for the unpaid balance against the properties of Crawford and of Nelon subject to execution by law, upon the application of Thomas & Thomas or by any officer of the court. Defendant-cross-plaintiff Nelon excepted to the order of the trial court, filed an appeal bond and supersedeas bond and has appealed or attempted to appeal from the above described order of the trial court.

■ Appellant presents numerous points on appeal all of which we think are without merit. If we had jurisdiction in this case we would affirm the judgment of the trial court as a consideration of the record, we think, discloses that the able trial court did not abuse his judicial discretion in allowing the auditors' fee in question. In this connection see McGrew v. Britton, Tex.Civ.

App., 206 S.W.2d 836, 838, wr. ref., n. r. e., wherein it is stated:

"Rule 172, Texas Rules Civil Procedure provides for the appointment of an auditor to state the accounts between the parties and to make report thereof to the court, that 'the court shall award reasonable compensation to such auditor to be taxed as costs of suit.' The record in the instant case shows that the court fixed the amount of the fees allowed the auditor after a full hearing of the facts in reference to the services rendered and expenses incurred by the auditor and the values thereof. It is well settled by decisions by the courts of this state that the granting or refusal of fees allowed attorneys appointed by the court and fees allowed guardians ad litem are within the sound discretion of the trial court and that the court's action is not reviewable upon appeal unless it clearly appears from the record that there has been an abuse of such discretion. Japhet v. Pullen, Tex.Civ.App., 153 S.W. 1188; Texas Employers' Ins. Ass'n v. Storey, Tex.Civ.App., 7 S.W. 2d 913. Affirmed Tex.Com.App., 17 S.W.2d 458; American Nat. Ins. Co. v. Points, Tex.Civ.App., 131 S.W.2d 983; Hirsch v. Dearing, Tex.Civ.App., 151 S.W.2d 949. *This rule, we think, applies to the action of a trial court in determining the value of the services rendered by an auditor, and the allowance of fees therefor.* A consideration of the record, we think, discloses that the trial court in this instance did not abuse his judicial discretion in allowing the fees in question." (Emphasis added.)

■ Also we see no error in the trial court allowing the auditors' fee and directing execution for the collection thereof, prior to the entire controversy between Crawford and Nelon being finally and completely disposed of. In this connection, see Rule 149, Texas Rules of Civil Pro-

cedure. From the record in this case we think it is a fair conclusion that perhaps the auditors might have had to wait a long time to collect their fee if they had depended upon Crawford and Nelon to finally dispose of the litigation—Crawford contended in his motion to dismiss that he and Nelon had already settled their controversies and that in such agreement Nelon had agreed to pay the fee to be adjudged to the auditors—Nelon contested this motion by insisting that the case could not be dismissed until his cross-actions were passed upon—Crawford apparently lost interest in the case, at least with regard to the auditors' fee question, as he did not contest the fee nor attempt to appeal from the order of the court allowing the fee. Also no one attempted to sever or secure a formal order of severance severing the question of the allowance of the auditors' fee from the main controversies.

Although we would have no difficulty in affirming the judgment of the trial court if we had jurisdiction of the appeal, we have reached the conclusion that we do not have jurisdiction and that the proper order to enter is one of dismissal of appellant's appeal for the following reasons:

The order in question was clearly an interlocutory order of the trial court and it was not one of the type of interlocutory orders made specifically and separately appealable by any of the statutes and rules of civil procedure of this state; it is also clear that no final judgment had been entered in the case disposing of plaintiff Crawford's suit and of defendant-cross-plaintiff Nelon's cross-actions. In this connection see McDonald, Texas Civil Practice, Sec. 17.03, p. 1309–1310, wherein it is stated:

"In appellate practice, Texas, like most other states, has imported from the writ of error practice of the common law the rule, which was not found in cquity, that in the absence of special enabling statutes the appellate courts will review only 'final' judgments. 'The general rule * * * is,

that no final judgment or decree will be regarded as final within the meaning of the statutes in reference to appeals, unless all the issues of law and of fact necessary to be determined were determined, and the case completely disposed of, so far as the court has power to dispose of it.' In our blended procedure, with the single form of action, the rule sometimes stumbles over the difficulty of drawing a clear line between judgments which are 'final' and those which are 'interlocutory.'

" 'An interlocutory decree may be merely preparatory to a decision upon the merits; or it may go further, and, deciding the principles as then presented by the record, institute proceedings for the purpose of enabling the court thereafter to apply those principles to the details of the subject; or it may approach still more nearly to the nature of a final judgment, by granting relief in part, and suspending the action of the court as to the residue for further investigation, or by directing measures for entire relief to a certain extent, with a view to perfecting them thereafter, upon the supposition of contingencies which cannot be well provided for by anticipation. And so, by various gradations the interlocutory decree may be made to approximate the final determination, until the line of discrimination becomes so faint as not to be readily perceived.'

"Not infrequently orders are entered at various stages of an action effectively determining all the issues as to separable portions of the controversy, but leaving other matters for later determination. It is often apparent in such cases that the allowance of an immediate appeal would be desirable from the standpoint of the public interest in terminating litigation with a minimum of cost and delay, as well as from the standpoint of the parties' interest in avoiding useless expense in further proceeding upon an erroneous

preliminary decision. *Sometimes the statutes and rules meet this squarely by providing for appeal from certain interlocutory orders. Where this is not true, the chances are heavily weighted against appellate review. * * *"* (Emphasis added.)

Likewise, it is clear that no attempt was made to sever the controversy between Nelon and the auditors with respect to the auditors' fee, from the main controversy between Crawford and Nelon, and it is also clear that no formal order of severance was entered severing or attempting to sever the auditors' fee matter from the main suit and the cross-actions. In this connection see the case of Pan American Petroleum Corp. v. Texas Pacific Coal & Oil Co., Tex. Sup.Ct., 324 S.W.2d 200. Also in this connection see the case of Myers v. Smitherman, Tex.Civ.App., 279 S.W.2d 173, 174, opinion by Justice Norvell, which case was cited by the Supreme Court in the Pan American case, supra, wherein it is stated:

"The cause of action against Munoz was severable from the causes of action asserted against Smitherman and Spillar, and the case of Richards v. Smith, Tex.Civ.App., 239 S.W.2d 724, supports the proposition that the judgment here involved is appealable upon the theory of an implied severance of causes of action. This apparently is in accordance with the holding of the Circuit Court of Appeals under the federal rules of procedure. Biggins v. Oltmer Iron Works, 7 Cir., 154 F.2d 214; Zarati Steamship Co. v. Park Bridge Corporation, 2 Cir., 154 F.2d 377. However, the jurisdiction of this Court is controlled by constitutional and statutory provisions. Article 5, § 6, of the Constitution, Vernon's Ann.St., Article 1819, Vernon's Ann.Tex.Stats., and it is well settled that unless otherwise specially provided by law a judgment must be final in order to be appealable. Rule 166–A does not purport to effect a change in the rule stated but expressly sets out in subdivision (d) thereof, the procedures to be followed whenever the case is not fully adjudicated upon a motion for summary judgment.

"*In the present case, the judgment of the trial court made no disposition of Munoz nor the cause of action asserted against him, hence the judgment rendered upon the motions of Smitherman and Spillar is interlocutory in nature, Rule 301, and will remain such until plaintiffs' claim against Munoz is severed, dismissed or adjudicated.*

"There being no final judgment, the appeal is dismissed. Gallaher v. City Transport Co. of Dallas, Tex.Civ.App., 262 S.W.2d 807, writ refused." (Emphasis added.)

Furthermore, in the case at bar this is not an appeal from costs wherein a final judgment disposing of the entire controversy between the parties was entered nor is same an appeal from the overruling of a motion to re-tax costs made in a case wherein a final judgment had been entered disposing of the entire controversy between the parties. We think it is well-settled law in this state that a judgment for costs alone which does not dispose of the subject matter of the suit is not a final judgment. See Eastham v. Sallis and Ralston, 60 Tex. 576, wherein it is stated:

"A judgment for costs which does not dispose of the subject matter of the suit has often been held by this court not to be a final judgment. Warren v. Shuman, 5 Tex. 441; Neyland v. White, 25 Tex. 319; Martin v. Wade, 22 Tex. 224; Fitzgerald v. Fitzgerald, 21 Tex. 415."

Finding that we do not have jurisdiction of appellant's appeal we accordingly dismiss said appeal. However, if we should be mistaken on the question of jurisdiction we would affirm the judgment of the trial court as we find no error therein.

Appellant's appeal is dismissed at appellant's costs.