Dick **CASTLEBERRY and wife, Lucille S.** Castleberry, et al., Appellants,

v.

**CHAPEL HILL INDEPENDENT SCHOOL DISTRICT, Appellee.**

No. 7257.

Court of Civil Appeals of Texas.

Texarkana.

April 26, 1960.

Rehearing Denied May 24, 1960.

Gordon R. Wellborn, Rex Houston, James N. Phenix, C. A. Keeling, Henderson, for appellants.

Boulter & Fowler, Tyler, for appellee.

PER CURIAM.

This is an attempted appeal from an order of the County Judge of Smith County, Texas, in a condemnation proceeding. Chapel Hill Independent School District, condemnor, filed condemnation proceedings in the County Court against Dick Castleberry and wife, Lucille S. Castleberry, Dr. S. P. Crain and D. T. Craver, condemnees, to acquire title by condemnation to 1.852 acre tract of land in Smith County. Notices were served on the condemnees that a hearing would be had before the commissioners on the 28th day of August, 1959, at 10:00 o'clock, a. m. The commissioners met and commenced the proceedings in the condemnation hearing and continued the same until the 9th day of October, 1959, when they assessed the value and damages for the property at $4,328.00, and the costs in the sum of $233.40. They filed their award on the 13th day of October, 1959, and condemnees Dick Castleberry and wife, Lucille S. Castleberry and Dr. S. P. Crain filed their exception and notice of appeal. The case is still pending in the County Court.

The deposits were made and on the 15th day of January, 1960, an order for possession of the property was entered by the trial judge. On January 19, 1960, Dick Castleberry and wife, Lucille S. Castleberry, and Dr. S. P. Crain gave notice of appeal to this court from the order of possession.

To this appeal, Chapel Hill Independent School District has filed its motion to dismiss on the ground that this court is without jurisdiction because the order from which the condemnees attempt to appeal is not an appealable order. The order is interlocutory and is not made appealable by any statute or rules of Civil Procedure pertaining to an appeal. We have concluded that the order does not come within Articles 2249 and 2250 of Vernon's Ann.Texas Civ.St., or Rule 385 of Vernon's Ann.Texas Rules of Civil Procedure. This Court recently in Nelon v. Thomas, Tex.Civ.App.,

329 S.W.2d 148, writ ref., n. r. e., decided that an order of the District Court was interlocutory and was not subject to appeal. In the Nelon v. Thomas case, we discussed McDonald's Texas Civil Practice, Section 17.03. A reference to that case is suggested.

The order appealed from is interlocutory with no right of appeal under Texas law. The appeal is dismissed.