**HOWARD et al. v. TEXAS EMPLOYERS' INS. ASS'N.   (No. 1353.)** *

(Court of Civil Appeals of Texas. Beaumont. March 5, 1926. Rehearing Denied March 31, 1926.)

Master and servant ⬌386(1)—Average earnings of injured workman must be computed in manner prescribed by statute, though actual earnings are greater or less than sum so determined (Rev. St. 1925, art. 8307, § 5, and article 8309, § 1 [1], [5]).

Average daily and weekly wage of injured workman should be computed in manner prescribed by Rev. St. 1925, art. 8309, § 1 (1), (5), though actual amount earned is greater or less than sum so determined in view of article 8307, § 5.

Error from District Court, Jefferson County; Geo. C. O'Brien, Judge.

Suit by the Texas Employers' Insurance Association to set aside an award of the Industrial Accident Board in favor of Mrs. Minnie Howard and others. Judgment for plaintiff, and Mrs. Minnie Howard and others bring error. Affirmed.

Blain & Jones, of Beaumont, for plaintiffs in error.

Morris, Sewell & Morris, of Houston, for defendant in error.

O'QUINN, J. This suit was filed in the district court of Jefferson county, Tex., by the Texas Employers' Insurance Association to set aside an award of the Industrial Accident Board of the state of Texas in favor of the plaintiffs in error.

Plaintiffs in error, defendants below, answered by general demurrer, general denial, and brought a cross-action against defendant in error for compensation for the death of George Howard, husband of Minnie Howard and father of their three minor children.

The case was tried to the court without a jury, and judgment rendered setting aside the award of the Industrial Accident Board, and judgment entered in favor of the plaintiffs in error for $15.92 per week for 360 weeks. This judgment is before us for review on writ of error.

The undisputed facts are that George Howard, the husband of Minnie Howard and father of their three minor children, was an employé of the Texas Company, in Jefferson county, Tex., and that, on October 26, 1924, while engaged in the course of his employment, he received injuries from which he died. The Texas Company was a subscriber under the Employers' Liability Act of the state of Texas, and carried an insurance policy with the Texas Employers' Insurance Association. Mrs. Howard, for herself and as guardian of her minor children, duly made claim for compensation. The board awarded compensation in the sum of $19.08 per week for 360 weeks. The Texas Employers' Insurance Association gave due notice and filed this suit to set aside said award. George Howard had worked continuously for the Texas Company for more than a year before his death at a daily wage of $4.60 per day. During the 12 months next preceding his injuries and death, he worked 7 days per week for the full year, except that he was allowed 2 weeks vacation under his contract, and for that time received full pay. In addition to working 7 days each week for the whole year, he worked some overtime, for which he received $39.39, and which added to his regular daily wages, amounted to the sum of $1,718.39 for the 12 months.

The only question before us is as to the

⬌For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
* Writ of error granted May 12, 1926.

(282 S.W.)

method of computing the compensation to which the beneficiaries are entitled. The law, article 8309, § 1 (1), Revised Civil Statutes 1925 (article 5246—82, § 1, Texas Complete Statutes 1920), provides:

"If the injured employé shall have worked in the employment in which he was working at the time of the injury, whether for the same employer or not, substantially the whole of the year immediately preceding the injury, his average annual wages shall consist of three hundred times the average daily wage or salary which he shall have earned in such employment during the days when so employed."

The court found the average annual wage of deceased by multiplying his daily wage of $4.60 by 300, as provided by the above law, and then found his average weekly wage by dividing the annual wage by 52, as provided by article 8309, § 1 (5), Revised Civil Statutes 1925.

Plaintiffs in error insist that, as the evidence showed that deceased earned $1,718.39 during the preceding 12 months, it was error to multiply his daily wage of $4.60 by 300 to find his annual wage, and that, as the annual wage was capable of exact determination, being the said sum of $1,718.39, the average weekly wage should have been determined by dividing the actual annual wage by 52. They contend that, as the deceased worked *continuously* and not *substantially* during the whole of the year preceding his death, and that as he received a certain ascertained sum, there was therefore no necessity, under the law, to resort to the method set forth in the statute to ascertain his annual wage.

The question presented seems to be one of first impression. Our statute contains no provision for the computation of the employé's annual wage when he has worked full time—that is, every day, including Sundays—during the preceding year. A number of the states, in enacting their Compensation Laws, adopted the actual earnings of the employé as a basis upon which to compute the compensation, while a larger number have statutes similar to ours, providing that the average daily wage shall be multiplied by 300 for the average annual wage, and that that shall be divided by 52 to get the average weekly wage upon which to base the compensation. These latter states seem to have adopted the plan of averages as the most equitable under the varying circumstances as to the length of time the injured employé has worked and the wage that he has earned during the required preceding period of computation. Our own state, when it first enacted its Compensation Law, in 1913, adopted the first-named plan; that is, took the actual earning of the employé as the basis upon which to make their computation. That is what appellant is here contending should be done. But in 1917 the Legislature saw proper to abandon that plan or basis and enacted the law now in force, requiring that the average daily wage be multiplied by 300 for the average annual wage, and that be divided by 52 to get the average weekly wage, thus deliberately adopting the plan of the states that had some of them for many years, been using the average method of ascertaining the weekly wage. We think this act of the Legislature unmistakably indicates that it was the legislative intent to require the ascertainment of the compensation to be made in that way only. This seems to be required by the provisions of article 8307, § 5, Revised Statutes 1925 (article 5246—44), wherein it says:

"Whenever such suit is brought, the rights and liability of the parties thereto shall be determined by the provisions of this law."

It follows that, in our opinion, the court did not err, and the judgment should be affirmed.