**FIDELITY UNION CASUALTY CO. v. LIEB et al.   (No. 3323.)**

Court of Civil Appeals of Texas. Texarkana. Jan. 1, 1927. Rehearing Denied Jan. 13, 1927. Writ of Error Dismissed for Want of Jurisdiction March 16, 1927.

Master and servant ⬅386(1)—Findings held to justify computation of compensation for death by dividing preceding year's salary by 52 and multiplying by 60 per cent. (Workmen's Compensation Law).

Findings of trial court that injured workman's salary varied according to the character of the work he was doing *held* to justify computation of weekly compensation for his death, by dividing his total salary for preceding year by 52, under Rev. St. 1925, art. 8309, §§ 3, 5, instead of section 1 or section 2, and multiplying by 60 per cent. under article 8306.

Appeal from District Court, Smith County; J. R. Warren, Judge.

Proceeding under the Workmen's Compensation by Mrs. Mary Lieb and another for the death of Charles V. Lieb, her husband, claimant, opposed by the Fidelity Union Casualty Company, the insurer. From a judgment of the district court in effect confirming an award by the Industrial Accident Board, the defendant appeals. Affirmed. ·

A policy issued by the appellant company to the Smith County Oil & Fertilizer Company, a "subscriber" within the meaning of the "Workmen's Compensation Law" (articles 8306–8309, Rev. Stat. 1925), insuring said oil and fertilizer company against loss on account of its liability under said law, was in force December 15, 1924, when Charles V. Lieb, an "employee" of said oil and fertilizer company, *within the meaning of said law*, suffered injury in the course of his employment resulting in his death December 16, 1924. This appeal is from a judgment in effect confirming an award by the Industrial Accident Board against the appellant company in favor of appellee Mary Lieb, widow of said Charles ·V. Lieb, and appellee Frank Lieb, his minor son, of $12.40 per week for 360 weeks as compensation they were entitled to on account of the death of said Charles V. Lieb.          \

The contention (and only one) on this appeal is that the compensation appellees were entitled to was $11.43 instead of $12.40 per week for 360 weeks. The prayer is that the judgment be reformed accordingly and as reformed affirmed. The contention is predicated on findings of the trial court hereinafter set out, on section 8 of article 8306 of the Workmen's Compensation Law, fixing the compensation the legal beneficiaries shall be entitled to when the employee dies as a result of injury suffered by him, at "sixty per cent. [quoting] of [the employé's] average weekly wages, but not more than $20 nor less than $7 per week, for a period of 360 weeks from the date of the injury," and on the definition of the term "average weekly wages" in section 1 of article 8309 of said law as follows:

"1. If the injured employé shall have worked in the employment in which he was working at the time of the injury, whether for the same employer or not, substantially the whole of the year immediately preceding the injury, his average annual wages shall consist of 300 times the average daily wage or salary which he shall have earned in such employment during the days when so employed.

"2. If the injured employee shall not have worked in such employment during substantially the whole of the year, his average annual wages shall consist of 300 times the average daily wage or salary which an employé of the same class working substantially the whole of such immediately preceding year in the same or in a similar employment in the same or a neighbor-

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ing place, shall have earned in such employment during the days when so employed.

"3. When by reason of the shortness of the time of the employment of the employé, or other employé engaged in the same class of work in the manner and for the length of time specified in the above subsections 1 and 2, or other good and sufficient reasons, it is impracticable to compute the average weekly wages as above defined, it shall be computed by the board in any manner which may seem just and fair to both parties.

"4. [Not material to the question to be determined in this case.]

"5. The average weekly wages of an employé shall be 1/52 part of the average annual wages."

The case was tried by the court without a jury, and he found the following to be facts:

[1] "That the compensation C. V. Lieb received while in the employ of said cotton oil and fertilizer company varied from time to time, ranging from $3 to $4 per day, according to the character of work he was doing. That part of the time he worked Sundays, and part of the time he did not work Sundays, and a small portion of the time he did not work at all, but that he was engaged substantially the whole of the year preceding his injury."

(2) That "because of the irregular wages paid and the irregular days he worked per week" it was "impracticable to fix the rate of compensation to which defendants (appellees) are entitled upon the bases of compensation as prescribed in article 8309, R. S. 1925, and that a compensation based upon the annual earnings of C. V. Lieb for the year immediately preceding the injury would be just and fair alike to plaintiff (appellant) and defendants (appellees)."

(3) "That C. V. Lieb for the year immediately preceding the injury from which he died received as wages from the oil and fertilizer company the total sum of $1,074.25." That "this sum divided by 52 gives $20.66," which was the amount of the "average weekly earnings of the said C. V. Lieb for the year preceding his injury."

(4) "That the average daily wages, for the time worked, the year preceding his death was $3.30 per day." That "this daily wage multiplied by 300 and divided by 52 gives the weekly wage as $19.04."

On the findings just set out, the court concluded as matter of law that it was "not practicable to compute the earnings of C. V. Lieb as provided by article 8309, R. S. 1925," but that a "computation for determining the amount due defendants" (appellees) based "upon the total annual earnings of C. V. Lieb for the year prior to his injury, would be just and fair alike to plaintiff (appellant) and defendants (appellees)."

Collins & Houston, of Dallas, for appellant.
David Wuntch and Lasseter & Simpson, all of Tyler, for appellees.

WILLSON, C. J. (after stating the facts as above). The average amount per day received by the deceased as wages for the time he worked during the year immediately preced-

ing the day he was injured being $3.30, appellant insists that the weekly compensation appellees were entitled to was 60 per cent. (amounting to $11.42) of the sum obtained by multiplying the $3.30 by 300, and dividing the product by 52, and therefore that it was error to award them instead 60 per cent. (amounting to $12.40) of the sum obtained by dividing the total of wages received by deceased for said year by 52.

The contention is based specifically on (1) the finding of the trial court that the deceased worked for the oil and fertilizer company "substantially the whole of the year preceding his injury"; (2) an assumption that the court found, further, that, during all the time the deceased so worked, it was "in the employment in which he was working at the time of the injury"; and (3) the provision in subdivision 1 of the statute set out in the statement above that—

"If the injured employé [quoting] shall have worked in the employment in which he was working at the time of the injury, whether for the same employer or not, substantially the whole of the year immediately preceding the injury, his average annual wages shall consist of 300 times the average daily wage or salary which he shall have earned in such employment during the days when so employed."

We need not determine whether, if the trial court had found the fact to be, as appellant erroneously assumes he did, that the work of deceased during the time he worked for the oil and fertilizer company in the year immediately preceding the injury was all "in the employment in which he was working at the time of the injury," appellant's contention should be sustained or not; for the fact is, as we read the record, said court did not so find. On the contrary, the court, in effect, found that all the work done by the deceased was not in such employment, when he found that the wages received by the deceased during said year "varied from time to time, ranging from $3 to $4 per day, according to the character of work he was doing." That finding plainly means that during the year specified the deceased engaged in different kinds of work for the oil and fertilizer company, for which he received wages differing in amount. So, it appears, the case is not within said provision in subdivision 1 of said section of the statute; and it is not, of course, in view of the finding that the deceased worked substantially the whole of the year immediately preceding the day when he was injured, within the provision in subdivision 2 thereof. Hence it was "impracticable" to compute the average weekly wages of the deceased in the way provided in said subdivisions 1 and 2 of the statute, and therefore a "good and sufficient reason" existed for resorting to another way to determine the amount of such wages.

The case is unlike Howard v. Ins. Ass'n (Tex. Civ. App.) 282 S. W. 266, cited by ap-

pellant as supporting its contention, in that there the deceased had worked at the same kind of employment at the same daily wage for more than a year before his death. A writ of error granted in the Howard Case (292 S. W. 529) has not, it seems, been disposed of. But, in view of the difference between the facts of the two cases, we think it is of no importance in the decision of this case whether the ruling of the Court of Civil Appeals is approved in that one or not.

The judgment is affirmed.