## HOWARD et al. v. TEXAS EMPLOYERS' INS. ASS'N. (No. 864–4606.)

(Commission of Appeals of Texas, Section A. March 2, 1927.)

1. **Master and servant ⬩386(1) — Average weekly wages of deceased employé must be found from evidence showing average actual payment, in absence of contrary arbitrary statutory rule (Rev. St. 1925, art. 8306, § 8, art. 8307, §§ 4, 5).**

In proceeding for compensation for death of employé, under Workmen's Compensation Act (Rev. St. 1925, arts. 8306–8309), average weekly wages of employé must be found as fact on evidence showing average actual payment, in absence of arbitrary rule in statute definitely fixed; in view of article 8306, § 8, and article 8307, §§ 4, 5, and assent of parties previously given to Industrial Accident Board to determine questions arising under Workmen's Compensation Law.

2. **Master and servant ⬩386(1)—Method of computing average annual wages of deceased employé stated wage (Rev. St. 1925, art. 8309, § 1, subsecs. 1, 2).**

Average annual wages of deceased employé, who had been employed more than one year, in determining amount of compensation payable for his death, were to be ascertained by amount of wages actually received by him in the 12 months next preceding date of injury, and not by taking 300 times daily wage, under Rev. St. 1925, art. 8309, § 1, subsecs. 1, 2, since subsection 1 is applicable only to employé who has worked less than year.

---

⬩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

Proceeding under the Workmen's Compensation Act by Minnie Howard and others for the death of George Howard, opposed by the Texas Company, employer, and the Texas Employers' Insurance Association, insurer, in which the Industrial Accident Board awarded compensation. The insurer brought suit in the district court to set aside the award, and claimants filed a cross-action. Judgment awarding reduced compensation was affirmed by the Court of Civil Appeals (282 S. W. 266), and claimants bring error. Reformed and affirmed.

Blain & Jones, of Beaumont, for plaintiffs in error.

Morris, Sewell & Morris, of Houston, for defendant in error.

NICHELS, J. George Howard, an employé of the Texas Company, in the course of employment received fatal injuries. For more than 12 months next preceding date of injury he had worked 7 days per week (except for the "vacation" to be mentioned), for which he received a daily wage of $4.60, and had put in "overtime," for which he received $39.39. A 2 weeks' "vacation," at full pay, was allowed. Sixty per centum of the "average weekly wages" actually received during that period amounted to a sum slightly in excess of $19.08. The Texas Company was a "subscriber" and the Texas Employers' Insurance Association was the "insurer" and plaintiffs in error are the "beneficiaries" under the Workmen's Compensation Law.

The Industrial Accident Board made an award of compensation for 360 weeks in an amount of $19.08 per week. As permitted in the terms of section 5, art. 8307, R. S. 1925, the "insurer" brought suit in the district court of Jefferson county to set aside the award and, by cross-action, the "beneficiaries" sought recovery of the compensation provided for in section 8 of article 8306, R. S. 1925. The facts stated are undisputed and no evidence was introduced to restrict their legal effect.

A trial resulted in judgment vacating the award and allowing recovery of compensation for 360 weeks at the rate of $15.92 per week. The judgment was affirmed by the honorable Court of Civil Appeals (282 S. W. 266) upon a ruling to the effect that the measure prescribed in section 1 of article 8309, R. S. 1925, controlled the amount of compensation recoverable and thus limited it to the rate named in the judgment. Writ of error was allowed upon assignments challenging that holding.

Section 8 of article 8306 is in "part 1" of the Compensation Law wherein rights and liabilities of "subscribers," "insurers," and "beneficiaries" are substantively named. Its language is this:

"If death should result from the injury the association hereinafter created shall pay the legal beneficiaries of the deceased employé a weekly payment equal to sixty per cent. of his average weekly wages, but not more than $20.00 nor less than $7.00 per week, for a period of three hundred and sixty weeks from the date of the injury."

[1] The terminology thus employed to express the rights and liabilities of the parties is absolute in purport and wholly omits a direction as how the "average weekly wages" shall be computed. Since the board is granted authority (section 5, art. 8307), and by assent of the parties previously given has authority (Oilmen's Reciprocal Association v. Franklin [Tex. Com. App.] 286 S. W. 195), to determine "all questions arising under this law" which are not settled by agreement and which are not otherwise definitely ruled in the law, together with broad rule-making power (section 4, art. 8307), and since a trial in the court is de novo (section 5, art. 8307), the "average weekly wages" (within the meaning of section 8, art. 8306) must be found as a fact upon evidence showing the average actual payment, unless an arbitrary rule is elsewhere in the statute definitely fixed.

[2] Article 8309, R. S. 1925, purports to contain "definitions and general provisions," and a general clause in it contains the declaration that "words and phrases as used in this law shall, unless a different meaning is plainly required by the context," have the definitions there prescribed. The general clause, of course, signifies a nonobligatory effect for the definitions if the context indicates a different application.

Those "definitions and general provisions" include the sole reference to anything which might be thought to affect and modify the terms of section 8, art. 8306, and the reference is in this language:

" 'Average weekly wages' shall mean:

"1. If the injured employé shall have worked in the employment in which he was working at the time of the injury, whether for the same employer or not, substantially the whole of the year immediately preceding the injury, his average annual wages shall consist of three hundred times the average daily wage or salary which he shall have earned in such employment during the days when so employed.

"2. If the injured employé shall not have worked in such employment during substantially the whole of the year, his average annual wages shall consist of three hundred times the average daily wage or salary which an employé of the same class working substantially the whole of such immediately preceding year in the same or in a similar employment in the same or a neighboring place, shall have earned in such employment during the days when so employed.

"3. When by reason of the shortness of the time of the employment of the employé * * * in the manner and for the length of time specified in the above subsections 1 and 2, or other good and sufficient reasons, it is impracticable to compute the average weekly wages as above

defined, it shall be computed by the board in any manner which may seem just and fair to both parties. * * *

"5. The average weekly wages of an employé shall be one fifty-second part of the average annual wages."

The rules anounced in sections 1 and 2 (article 8309) may so operate as to fix an "average annual wage" calculated upon an assumed service of 300 days (in a year) in spite of an undoubted actual service of, say 350 days, or maybe of only 250 days. The purely arbitrary nature of the rules, therefore, is manifest, and this, in turn, affords sound reason for declining to extend their application beyond the range imperatively required in the words of the law. Another reason for that declination inheres in the fact that the rules, when operative, have an adjective force which ought not to be allowed to restrict or alter the cause of action itself substantively given in section 8 (article 8306), except where that result is definitely required.

Literally considered, the application of sections 1 or 2 (article 8309) to the facts of this case is impossible, because Howard "worked" the whole of the year, and did not work "substantially the whole of the year" immediately preceding receipt of injury. And that they were not intended to govern except in case the injured employé had worked for a shorter period than 12 months is generally indicated by their language, and especially by the use of the term "average annual wages" and the meaning there attached to that term. In general use, "average annual wages" would signify the average of wages earned over a period of more than one year, whereas, as used in this statute, the term plainly indicates the wage which would have earned if the employé had worked the whole of but one year. The artificial import thus given the words "average annual wages" impels the conclusion, we believe, that the legislative effort was solely directed at fixing a rule for the employé whose term of service at the time of the injury was less than 12 months.

Hence it is our belief that neither the letter nor the spirit of sections 1 and 2 of article 8309 permit their operation upon the facts of such a case as is now presented. Whether the provisions of section 3 of article 8309 give the board authority save in cases where section 1 or section 2 is applicable, or whether section 5 of article 8309 requires the board or the court to consider wages earned in more than one year in order to ascertain the "average annual wages" referred to in the section, are immaterial questions at this time, because by agreement of the parties (evidenced by instrument in writing in the cause and incorporated and adopted in the findings of fact made by the trial court) it is shown that the average wages earned by Howard for more than a year prior to the date of injury were $4.60 per day, plus $39.39 earned for "overtime," and because those facts and findings are sufficient to preclude justifiable basis for reducing the amount awardable. The conclusions of law filed by the trial judge show that the judgment reducing the amount was produced solely by his understanding that the rules announced in section 1 of article 8309 controlled the amount of compensation allowable.

We recommend that the judgment of the Court of Civil Appeals be reversed, and that the judgment of the district court be so reformed as that the rate of weekly compensation therein allowed shall be the sum of $19.08 (instead of the sum of $15.92), and that such judgment, as thus reformed, be affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals reversed, and judgment of the district court reformed and affirmed, as recommended by the Commission of Appeals.