## WILLIAMS v. PETROLEUM CASUALTY CO.
### (No. 1670.)

Court of Civil Appeals of Texas. Beaumont. March 29, 1928.

Rehearing Denied April 4, 1928.

Master and servant ⟂386(1)—Average weekly wage of employee continuously in service of employer more than year is ⅟₅₂ of actual earn-ings for preceding twelve months (Rev. St. 1925, art. 8309, § 1).

In determining compensation for death of employee, average weekly wage of deceased is to be computed by taking actual earnings of deceased for twelve months immediately preced-ing injury and dividing that sum by 52, with 60 per cent. of such amount constituting weekly compensation for award; Rev. St. 1925, art. 8309, § 1, having no application where deceased had worked for employer the whole year immedi-ately preceding injury and actual earnings being known.

Appeal from District Court, Liberty Coun-ty; Thos. B. Coe, Judge.

Suit by the Petroleum Casualty Company against Ruby May Williams to set aside an award of compensation by the Industrial Ac-cident Board. Judgment setting aside the award, and defendant appeals. Reversed and rendered.

Hunt, Teagle & Moseley, of Houston, for appellant.

Conrad J. Landram and K. W. Gilmore, both of Houston, for appellee.

O'QUINN, J. On January 12, 1927, Clifton E. Williams, husband of Ruby May Williams, was an employé of the Humble Oil & Refin-ing Company, and on said date received an injury in the course of his employment, from which he died. The Humble Oil & Refining Company carried compensation insurance with appellee covering its employés. Appel-lant made application before the Industrial Accident Board for compensation. Hearing was had before the board and an award in favor of claimant was made, awarding her compensation at the rate of $20 per week for 360 weeks. Appellee, being dissatisfied with the award, gave due notice that it would not abide same, and timely filed this suit in the district court of Liberty county (where the injury occurred) to set said award aside. The case was tried before the court without a jury, and judgment entered setting aside the award of the Industrial Accident Board and granting compensation to claimant at the rate of $15.58 per week for 360 weeks, begin-ning January 12, 1927. Appellant brings this appeal from that judgment.

The only question in the case is as to the method of computing the amount of the week-ly compensation. Appellant contends that the average weekly wage of deceased should be computed by taking the actual earnings of deceased for the 12 months immediately pre-ceding the injury and dividing that sum by 52, and that 60 per cent. of that amount will be the weekly compensation that should be awarded to appellant. Appellee contends that the average daily wage of deceased should be multiplied by 300 and the product divided by 52 to arrive at the average weekly wage as provided by article 8309, § 1, Revised Civil Statutes, 1925, and that 60 per cent. of that sum would be the weekly compensation. The Industrial Accident Board awarded compen-sation according to the method contended for by appellant. The district court found com-pensation by the method insisted on by ap-pellee.

The case was tried on an agreed statement of facts. They show that deceased was in the employ of the Humble Oil & Refining Company and had so been for more than 12 months prior to the date of his injury, and

had worked "practically the whole of the year preceding January 12, 1927," the date of his injury and death; that the total wages earned by him during the preceding 12 months, including Sundays and overtime, amounted to $1,791.64; that his wages and the character of his employment varied from time to time; that the daily wage of a helper (the work deceased was doing at the time of his injury) working substantially the whole of the year immediately preceding the date of the injury and death of deceased at the same and neighboring places, was $4.50 per day; that during the whole of the year immediately preceding the date of the injury and death of deceased he had worked for the Humble Oil & Refining Company in different capacities and at different wages, to wit: As helper, derrickman, gang pusher, and pumper, part of the time working by the day and part of the time working by the month, that is he was paid part of the time by the day and part of the time by the month, but, as before stated, the agreed statement of facts puts his total actual annual earnings at $1,791.64, and his average daily wages as helper, the work he was doing at the time of his injury, at $4.50 per day.

We think that under the authority of Howard v. Texas Employers' Insurance Association (Tex. Com. App.) 292 S. W. 529, and Fidelity Union Casualty Co. v. Lieb (Tex. Civ. App.) 293 S. W. 246, the judgment must be reversed and judgment here rendered for appellant in line with her contention. This court in the Howard Case, supra (282 S. W. 266), held with the contention of appellee, but the Supreme Court granted a writ of error and reversed our holding as to the statutory rule invoked by appellee. True there is a difference in the facts of that case and the instant case, in that in the Howard Case the deceased had worked continuously for his employer for more than a year at the same character of work at a daily wage of $4.60, while in the instant case the deceased, while working for his employer for a full year before his injury, had worked at different kinds of work, and at different wages as the work varied. But the Supreme Court held that as Howard had worked the whole of the year immediately preceding the injury and at a certain daily wage, his actual annual earnings were known, and the rules prescribed by article 8309, §§ 1 and 2, had no application, and were not intended to control under

the facts. In the instant case the deceased had worked for his employer the whole of the year immediately preceding his injury, and his actual annual earnings are certainly known, to wit $1,791.64. So that, under the holding of the Supreme Court, supra, the average weekly wage must be found by dividing the actual annual wage by 52, which gives $34.45. Sixty per cent. of this weekly average wage would be $20.67, thus allowing the beneficiary of deceased, appellant, the maximum compensation allowed by law, $20, as awarded by the board.

The Lieb Case, supra, is more in point as to the facts. In that case, as in this, the injured employé had worked for the whole of the year immediately preceding the injury and at various kinds of work at different daily wages. In that case, as in this, the average daily wage was found. In that case, as in this, the total earnings for the whole of the year immediately preceding the injury was certainly known. In that case the court divided the actual annual earnings by 52 to ascertain the average weekly wage, and took 60 per cent. of that as the weekly compensation, and rendered judgment accordingly. The case was appealed to the Texarkana Court of Civil Appeals, where the judgment was affirmed. Application for writ of error was made, and dismissed for want of jurisdiction. We think this action of the Supreme Court, coming after their holding in the Howard Case, indicates the fixed rule that where the actual annual earnings of the injured employé for the whole of the year immediately preceding the receiving of his injuries is known, resort to the rule of the statute may not be had in ascertaining the average weekly earnings, but that same must be found by dividing the actual annual earnings by 52. The Supreme Court of Michigan, Robbins v. Original Gas Engine Company, 191 Mich. 122, 157 N. W. 437, and the Court of Appeals of New York, Littler v. George A. Fuller Co., 223 N. Y. 369, 119 N. E. 554, announced the same holding under similar facts, in construing statutes very similar to our own.

It follows that the judgment must be reversed, and that we here render the judgment that should have been rendered in the court below, that appellant recover compensation at the rate of $20 per week for 360 weeks, beginning January 12, 1927.

Reversed and rendered.