## TEXAS EMPLOYERS' INS. ASS'N v. HOWARD et al.

### No. 4338.

Court of Civil Appeals of Texas. Texarkana.

June 9, 1933.

Rehearing Denied June 15, 1933.

Lawther, Cox & Cramer and James P. Swift, all of Dallas, for appellant.

Anderson & Lewis, of Center, for appellees.

JOHNSON, Chief Justice.

This suit was filed April 16, 1932, by appellant, Texas Employers' Insurance Association, as plaintiff, against appellees Edgar W. Howard, and his attorneys, Anderson & Lewis, as defendants, in the district court of Rusk county, in an appeal from and to set aside an award of the Industrial Accident Board of Texas. Appellees answered and also filed a cross-action alleging that Edgar W. Howard was an employee of Perkins, Lewis & Hart, a subscriber, carrying compensation insurance with appellant covering their employees; that he has received injury in the course of his employment; and was entitled to compensation in a lump sum

for total and permanent incapacity. Appellant filed a supplemental petition containing general demurrer, special exceptions, and general denial. The case was tried to a jury May 13, 1932, submitted upon special issues, and upon the findings of the jury in favor of appellees upon all the issues the court rendered judgment in favor of Edgar W. Howard for $6,805.96 to be paid in a lump sum, one-third thereof to be paid to Anderson & Lewis as attorneys' fees for representing Howard. From this judgment the Texas Employers' Insurance Association has appealed and assigns error.

■ It appears that appellees in their cross-action stated the rate and number of weeks for which Howard had been allowed compensation by the Industrial Accident Board of Texas, and attached to the cross-action a copy of the award of said board; and to the action of the court in overruling appellant's exceptions thereto, appellant assigns error. Upon answering plaintiff's petition to set aside the award of the Industrial Accident Board, it was not improper for defendant Howard, by way of cross-action, to plead affirmatively his cause of action in the premises against appellant, and in so doing, for jurisdictional purposes, to allege that the board had made a final award; that being one of the essential jurisdictional requisites to maintain his cause of action in the trial court. Mingus v. Wadley, 115 Tex. 551, 285 S. W. 1084. But the trial is de novo, and the recitals in the final award of the board's findings and action thereon are not material to any issue to the trial by the jury. Texas Employers' Insurance Ass'n v. Downing (Tex. Civ. App.) 218 S. W. 112 (section 12). And the presentation of such facts and terms of the award to the jury, in evidence or by the pleadings, is calculated to prejudice the rights of the opposing party, Fidelity Union Casualty Co. v. Klatt (Tex. Civ. App.) 47 S.W.(2d) 417, unless the facts are such as are not controverted on the trial. Ocean Accident & Guarantee Corp. v. McCall (Tex. Civ. App.) 25 S.W.(2d) 653. It appears in the record before us that appellees upon the trial established the affirmative of each issue by a preponderance of the evidence and to the extent that the jury would not have been authorized to find other than as they did, and the appellant offered no controverting testimony, and therefore could not have been injured by the failure of the court to strike from appellees' pleadings the statements of the terms of the award of the Industrial Accident Board and the attached copy thereof.

■■ Appellant complains of the action of the court in overruling its first application for continuance, based upon the absence of two witnesses, Ray Carlson and H. G. Lewis, each residing outside the county in which the trial was had, and by whom appellant expected to show that appellee Howard was at the time he received his alleged injuries an employee of said Ray Carlson and not an employee of appellant's subscriber, the firm of Perkins, Lewis, Davis & Hart, and that said witnesses had promised appellant to attend the trial, but, on account of a misunderstanding or disagreement arising between appellant and the Acme Oil Company, successors to Perkins, Lewis, Davis & Hart, some two days previous, said witnesses breached their promise with appellant and were refusing to appear as witnesses for appellant. Appellant not having made application to take the depositions of these out-of-county witnesses, the motion did not show statutory diligence, and was, therefore, addressed to the discretion of the trial judge and not within our power of review unless the trial judge abused such discretion, which we are unable in the circumstances to say that he did. Appellant, at least in some degree, assumed the risk of their absence by relying upon their promise of voluntary attendance. Texas & P. Rwy. Co. v. Hall, 83 Tex. 675, 19 S. W. 121; Sullivan-Sanford Lbr. Co. v. Hampton (Tex. Civ. App.) 126 S. W. 637; T. & N. O. Rwy. Co. v. Bancroft (Tex. Civ. App.) 56 S. W. 606; Guy v. Metcalf, 83 Tex. 37, 18 S. W. 419.

■ Special issue No. 6 of the trial court's charge is as follows: "What sum of money, if any, do you find from a preponderance of the evidence to be the average weekly wage of said Edgar W. Howard which to you may seem just and fair for all parties herein?" Answer: "$35.00 per week." Appellant filed its written exceptions to said issues, which exceptions are as follows: "Plaintiff objects and excepts to the submission of Special Issue No. 6 because under the uncontroverted evidence in this case defendant worked for substantially the whole of the year next preceding his injury in the same or similar employment, and in the same or neighboring place, hence the only material issue to be submitted to the jury upon this question, is what was his average daily wage, and in the alternative there is no evidence that the defendant, himself, did not work in the same or similar employment for the period of substantially the whole of one year preceding his injury, or that no other employee did not so work for said period of time, and therefore, this case should be submitted to the jury upon the defendant's daily wage, or in the alternative upon the daily wage of some other employee of the same class."

The appellee Howard at the time he received his injuries was employed, at $5 per day, in moving a boiler and other drilling machinery from one location to another location in the oil field. He had been engaged in that particular work only a few hours, having been employed on the morning of the day he was injured. Concerning his previ-

ous employment and wages Howard testified as follows:

"Q. Prior to your work out there, what kind of work had you done the last six or seven years? A. I been oil fielding for the last fifteen years.

"Q. I believe you say you make the oil fields—how many fields opening up have you made in the last fourteen years? A. I have made them all.

"Q. You were an experienced oil field worker? A. Yes, sir.

"Q. What line of work in the field had you been doing? A. Since I started?

"Q. No, the usual course of work, and different kinds of work? A. I first drove a mule team, and went from that to pipe lining for the connection gang, and went to pumping then, and then went to derricking.

"Q. How long did you pump? A. I believe twenty-two months on that job, and then they put me to work on the derrick.

"Q. What kind of work is that? A. Working a hundred and twelve foot derrick—you don't see them higher.

"Q. That is the very top of it? A. Yes, stringing drill line and like that.

"Q. What else have you done? A. Pushed a roustabout gang.

"Q. What is that? A. They give you so many wells and so many men and expect you to keep the wells going and pumping.

"Q. The work you had been doing on June 20th, and had been doing sometime prior thereto—was that physical work—you labored with your hands? A. Yes, sir.

"Q. What was your wage in the oil field the year before you were injured? A. Six dollars a day straight."

Section 1, subd. 5, article 8309, R. S. 1925, reads: "The average weekly wages of an employee shall be one-fifty-second part of the average annual wages."

It appears from the above uncontradicted testimony that Howard's wages for the year preceding his injury is a known and uncontradicted amount, to wit, $2,190 (being 365 times $6), one fifty-second part of which is $42.11. The judgment entered by the court, being in a lump sum in the total amount of $6,805.96, shows to have been arrived at by the court by allowing appellee a recovery at the rate of $20 per week, for 401 weeks, after deducting proper discounts. Since $20 per week, the amount upon which the court entered judgment, is less than 60 per cent. of appellee's known weekly wages, according to the uncontradicted evidence, for the whole of the year next preceding his injury, therefore appellant was not injured by the above charge nor by the answer of the jury thereto, and the assignment does not present error. Howard v. Texas Employers Ins. Ass'n (Tex. Com. App.) 292 S. W. 529; Fidelity Union Casualty Co. v. Lieb (Tex. Civ. App.) 293 S. W. 246; Williams v. Petroleum Casualty Co. (Tex. Civ. App.) 4 S.W.(2d) 631; Norwich Union Indemnity Co. v. Wilson (Tex. Civ. App.) 43 S.W.(2d) 473.

The judgment of the trial court is affirmed.