**TEXAS EMPLOYERS' INS. ASS'N v.
CLACK.**

No. 4815.

Court of Civil Appeals of Texas. Amarillo.

Nov. 8, 1937.

Rehearing Denied Jan. 17, 1938.

Underwood, Johnson, Dooley & Huff and R. A. Wilson, all of Amarillo, and Smith, Teed, Wade & Worley, of Pampa, for appellant.

S. D. Stennis and John V. Osborne, both of Pampa, for appellee.

FOLLEY, Justice.

This is a workmen's compensation suit in which we shall give the parties their trial court designation. The plaintiff, P. K. Clack, filed this suit in the district court of Gray county in the form of an appeal from an award of the Industrial Accident Board. Plaintiff alleged that he sustained an accidental injury on September 27, 1935, while in the employment of the Phillips Petroleum Company in Gray county, a subscriber of the defendant, Texas Employers' Insurance Association. He further alleged that he was operating a booster station for his employer and had been so employed continuously for approximately six years; that on the date alleged, while in the course of his employment, he accidentally fell from a water tower to the ground, a distance of about 16 feet, thereby injuring his back, hips, pelvis, and spine; that by reason of such injuries he sustained total and permanent disabilities; that he was a monthly employee at an agreed salary of $122 per month at the time of his injury; that he had been paid such amount for the same work each month of the year immediately preceding the date of his injury. The defendant answered by general demurrer and general denial.

The testimony was undisputed that the plaintiff had been paid the total sum of $1,464 as his salary for the year preceding his injury. The plaintiff so testified, and he was corroborated by the testimony of the pay roll clerk and the records of the Phillips Petroleum Company. The testimony shows that during said year, due to the operation of the NRA, the plaintiff was allowed to work only 4 days one week and 5 days the next, but that he was so employed each week of the year. He worked a total of 234 days during that year and was paid $122 each month during the year and for some time prior thereto.

The cause was submitted to a jury upon special issues. The jury found that plaintiff's injuries resulted in total and permanent incapacity, that plaintiff had earned the sum of $1,464 during the year preceding his injuries, and that his average weekly wage was $28.15. The court entered judgment for the plaintiff allowing him compensation for 401 weeks at $16.89 per week, the same being based upon 60 per cent. of $28.15, his average weekly wage. From such judgment the defendant has appealed to this court.

The defendant has assigned numerous errors in the trial court and has briefed forty-six propositions under these assignments. Since many of these are repetitions of others, we shall group all the propositions which are germane to the same subject matter.

■ The defendant attacks the judgment of the trial court, first, upon the theory that there was no proper wage scale shown. The defendant says that, since the testimony shows that the plaintiff worked only 234 days of the year preceding his injury, the same not amounting substantially to a year, that first subdivision 1 of section 1 of article 8309, R.C.S., is not applicable to this case. It further asserts that since there was no proof offered under first subdivisions 2 or 3 and no jury finding thereon, that there is no basis for any judgment.

There is no controversy between the parties as to the annual salary of the plaintiff.

The jury found that plaintiff had worked the whole year preceding September 27, 1935. The jury also found that the plaintiff earned the sum of $1,464 during the year and that his average weekly wage was $28.15. The only controversy between the parties is the legal effect of such evidence and finding of the jury. The plaintiff contends that his actual earnings for the year should be the basis for his damages and that no computation is necessary since the exact amount is known. He asserts that his average weekly wage is one fifty-second part of his actual earnings for the year. We think the plaintiff is correct in such contention.

In the case of Howard et al. v. Texas Employers' Ins. Ass'n, Tex.Com.App., 292 S.W. 529, 531, the claimant had worked more than 300 days and his income for the year was definitely known. The claimant in that case was allowed to recover compensation based upon his actual earnings during the 12-month period preceding his injury. He was not limited to 300 times his daily wages. The opinion in that case announces the rule that subdivisions 1 and 2 apply only where the claimant has worked less than a 12-month period. From that opinion we quote: "Literally considered, the application of sections 1 or 2 (article 8309) to the facts of this case is impossible, because Howard 'worked' the whole of the year, and did not work 'substantially the whole of the year' immediately preceding receipt of injury. And that they were not intended to govern except in case the injured employé had worked for a shorter period than 12 months is generally indicated by their language, and especially by the use of the term 'average annual wages' and the meaning there attached to that term. In general use, 'average annual wages' would signify the average of wages earned over a period of more than one year, whereas, as used in this statute, the term plainly indicates the wage which would have earned if the employé had worked the whole of but one year. The artificial import thus given the words 'average annual wages' impels the conclusion, we believe, that the legislative effort was solely directed at fixing a rule for the employé whose term of service at the time of the injury was less than 12 months." The above case was followed and cited by the Waco Court of Civil Appeals in Texas Employers' Ins. Ass'n v. Storey et al., 7 S.W.2d 913, 914, in a similar situation where the claimant had worked more than 300 days during the year preceding his injuries. From the opinion in that case we quote:

"We think this is the same question that was involved in the case of Howard et al. v. Texas Employers' Insurance Association, 292 S.W. 529, in which the Commission of Appeals, in an opinion approved by our Supreme Court, held adversely to appellant's contention. In the Howard Case, the trial court arrived at the average weekly wage in accordance with the provisions of sections 1 and 2 of article 8309, Revised Statutes, and the judgment in said cause was affirmed by the Court of Civil Appeals (282 S.W. 266). A writ of error was granted, and the Commission of Appeals recommended the reversal of the Court of Civil Appeals and the reforming of the judgment of the trial court, holding sections 1 and 2 of article 8309 were not applicable, and adopted the same method in arriving at the average weekly wage as used by the trial court in this case, which holding was necessarily approved by our Supreme Court in adopting the recommendation of the Commission of Appeals. The Howard Case and this case are similar, in that the record in each case showed affirmatively that the deceased worked more than 300 days during the year immediately preceding his death. It is our duty, as we view it, to follow the holding of our Supreme Court in the Howard Case. We do not think that the Legislature, in enacting sections 1 and 2 of article 8309, intended that the method there provided for ascertaining the average weekly wages of an employee should be applied arbitrarily in all cases, regardless of the circumstances of each particular case. The method there provided is, doubtless, intended to assist the board and the trial court in arriving at the fair average weekly wages of an employee who had been employed in his then employment less than a year at the time of his death, and was not intended to require the board of the court to do injustice to beneficiaries by presuming the deceased labored only 300 days in the year, when the record shows affirmatively that he actually labored more than 300 days. Article 8306, § 8, Revised Statutes; Howard et al. v. Texas Employers' Insurance Association (Tex.Com.App.) 292 S.W. 529. We overrule these assignments."

A similar rule was announced in Williams v. Petroleum Casualty Co., Tex.Civ.App., 4 S.W.2d 631, Texas Employers' Ins. Ass'n v. Mitchell, Tex.Civ.App., 27 S.W.2d 600,

and Texas Employers' Ins. Ass'n v. Sloan et al., Tex.Civ.App., 36 S.W.2d 319.

In the case of Casualty Reciprocal Exchange v. Stephens, 45 S.W.2d 143, 146, the Commission of Appeals, in an opinion by Judge Ryan, had this to say:

"The trial court submitted this issue to the jury, viz., 'Find from the evidence and fix the average weekly wage, if any, of W. A. Stephens at the time of his injury?' and in connection therewith, instructed the jury as follows: 'The average weekly wage as contemplated in the instant case is the actual amount of the earnings of the employee for the preceding twelve months divided by 52.'

"This is in accordance with the rule announced by Judge Critz in Texas Employers' Insurance Association v. Storey (Tex. Com.App.) 17 S.W.2d 458. There the claimant worked about 368 days, counting overtime, and earned $1,759.86, which, divided by 52 weeks, produced a quotient of $33.84. Here Stephens actually worked 353.5 days and earned $1,322.95, which, divided by 52 weeks, equals $25.44⁵⁄₅₂, the exact amount found by the jury as his average weekly wage. The trial court's judgment is correctly based on 60 per cent. of this amount, equaling $15.26 per week."

In urging this assignment, the defendant relies most strongly on the case of Texas Indemnity Ins. Co. v. Head, 89 S.W.2d 283, wherein the Court of Civil Appeals at El Paso held that 234 days was not substantially the whole of a year and that the claimant in that case could not fix his average weekly wages under subdivisions 1 or 2 of article 8309. We do not think that case is in point with the instant case, for the reason that the opinion reveals that the average weekly wage in that case was computed under subdivision 1. In the case before us it is equally evident that the weekly wage was computed by dividing the plaintiff's known annual earnings by 52.

The Compensation Law is based upon the loss of earning capacity. The manifest object of such legislation is to compensate such loss. The compensation is measured by what the employee can earn in his employment under the conditions prevailing before and up to the time of the accident. In this case we know of no better method to arrive at the amount of compensation than to compute the same from the actual earnings of the plaintiff. How could a more accurate or just measure be applied? We think such a method was intended in such a case as we have under consideration. The fact that the plaintiff worked less than 300 days is not controlling in this case because his earnings cannot be placed equitably upon a per diem basis. If a per diem basis is unjust where a claimant has worked more than 300 days, though employed the whole year, it follows that such a basis would be unjust where he has worked less than 300 days, as in this case, but has been employed for the entire year.

In connection with this assignment the defendant alleges error because the court submitted the question as to whether or not the plaintiff had worked the whole year immediately preceding his injury, which issue was answered in the affirmative. The defendant says that the evidence does not support the issue or the finding thereon. We think the issue was immaterial in this case because we are not basing the plaintiff's recovery on the number of days he actually worked, but on the annual salary he received for his employment for the entire year. The issue was therefore unnecessary to plaintiff's recovery and any error therein was harmless. Magnolia Compress & Warehouse Co. v. Davidson, Tex.Civ.App., 38 S.W.2d 634.

The defendant alleges error in the submission of special issue No. 2, which was as follows: "Do you find, from a preponderance of the evidence, that the plaintiff, P. K. Clack, sustained any personal injuries, as alleged, by falling from a cooling tower on September 27, 1935? Answer 'Yes' or 'No.' Answer 'Yes'." The defendant asserts that such issue assumes an injury, presupposes that the plaintiff fell from a tower, and is multifarious. We think the ultimate fact sought by such issue was whether or not the plaintiff suffered any injuries, and the remainder of the issue was merely a modification or limitation on the ultimate fact sought. It is our opinion that the issue is not subject to the criticism offered. Texas Employers' Ins. Ass'n v. Rowell, Tex.Civ.App., 104 S.W.2d 613; Austin v. De George, Tex.Civ.App., 55 S.W.2d 585.

The trial court submitted an issue to the jury asking if the total incapacity of the plaintiff was permanent, which issue was answered in the affirmative. Then followed issue No. 14, which issue is as follows: "Fix, from the preponderance of the evidence, the ending

date following September 27, 1935, if any, of plaintiff's total incapacity, if any. Answer by giving the date, if any." The jury answered the issue in these words: "Duration of life." It is apparent that this issue was submitted for the benefit of the plaintiff in order that he might recover in the event he failed to establish permanent disability. Similarly, issues 16 and 17 were submitted in regard to partial incapacity and its percentage, to which the jury answered, in effect, that there was no partial incapacity or percentage of partial incapacity. The defendant objected to all such issues on the ground that they placed the burden of proof upon the defendant. We cannot agree with defendant's contention in this regard. These issues were a necessary part of plaintiff's cause of action and he was entitled to their submission as a part of his recovery. The burden was properly placed upon the plaintiff in these issues. The defendant made no request for the submission of issues of a similar nature affirmatively and defensively for the defendant. Under the pleadings of the plaintiff and the evidence in the case, he would have been entitled to a recovery for any disability less than total and shorter than permanent in the event the jury had found against him on the total and permanent, and for him on the lesser, disability. We do not think these issues were subject to the criticism offered. Indemnity Ins. Co. of North America v. Boland, Tex.Civ.App., 31 S.W.2d 518; Traders & General Ins. Co. v. Herndon, Tex.Civ.App., 95 S.W.2d 540; Texas Indemnity Ins. Co. v. Thibodeaux, Tex.Com.App., 106 S.W.2d 268; Texas Employers' Ins. Ass'n, v. Horn, Tex.Civ.App., 75 S.W.2d 301.

■ The defendant also complains of the issues submitted inquiring of the jury what plaintiff's earnings were for the year preceding his injuries and as to his weekly wages during such period. We think we disposed of this assignment above in our discussion of the method of computing plaintiff's wages. In connection with this assignment, however, the defendant raises a question that we have not discussed. The defendant asserts that a portion of plaintiff's salary was deducted each month by the Phillips Petroleum Company for rent upon a house in which the plaintiff lived and which was owned by his employer. The defendant asserts that there is no showing that the deduction made was

for the value received, thereby leaving such matter indefinite and uncertain. The testimony shows that the amount deducted was by a previous arrangement and agreement of the parties. At least, there was an implied agreement by plaintiff's acquiescence in the deduction from his salary check. The rent on the house was $8 per month for 9 months of the year and $12 for 3 months of the year preceding the injury. This would make a total of $108 charged as house rent for the 12 month period, or an average of $9 per month. The deduction was made evidently just as a matter of convenience. Since the testimony shows that there was a definite understanding between the employer and the employee as to the wages of the plaintiff for the year, we think the deduction made for house rent was immaterial in this case. If there is any vice in the alleged omission in the evidence to show value received for the rental on the house, the jury found that the plaintiff had earned the sum of $1,464 for the whole year. Such finding was at least an implied finding that the charges made for the rent on the house was the reasonable value of the rental. We think the price paid for the rent was at least some evidence of rental value, especially is this true in this case because of the implied agreement between the parties as to the rent on the house. American Indemnity Co. v. Jamison, Tex.Civ.App., 42 S.W.2d 801.

■ By numerous propositions the defendant assigns error as to the form of about ten special issues, the first of which is issue No. 3. This issue being a fair example of the vice alleged in regard to the other issues, we quote it as follows: "Do you find, from a preponderance of the evidence, that at the time of the injuries, if any you have found the plaintiff sustained on September 27, 1935, he was an employee of Phillips Petroleum Company? Answer 'Yes' or 'No.'" This issue was answered in the affirmative. The basis for the complaint as to this issue is that it assumes that the plaintiff was injured, regardless of how the jury might answer the issue. The fact as to whether the plaintiff had received injuries was submitted in a previous issue and was answered affirmatively. The other issues contained the same or similar words and phrases as is evidenced in special issue No. 3 above. We shall not undertake to

set out these issues in this opinion, but will simply state, in the interest of brevity, that all the issues were qualified by the words, "if any," "if any you have found," or words of similar import. None of the issues contained any matters any more objectionable than that contained in issue No. 3, which the defendant says is on the weight of the testimony. The form used by the trial court in framing these issues has been approved from time to time in cases too numerous to cite, and we think all the objections relative to such issues are hypercritical. Casualty Reciprocal Exchange v. Stephens, supra; Texas Employers' Ins. Ass'n v. Beckworth, Tex. Civ.App., 42 S.W.2d 827; Hamon et al. v. Sanderford, Tex.Civ.App., 28 S.W.2d 861.

■ Defendant further contends that the evidence neither required the submission of the issue nor justified the finding that a manifest injustice and hardship would result to the plaintiff, unless the compensation herein was paid in a lump sum. We think such contention is without merit. The testimony showed, which is supported by the pleadings, that the plaintiff had not worked a day since his injury; that he had been living with relatives who were unable to support him; that he did not own a home or property of any kind; that a wife and two children were dependent on him; and that if he were paid in a lump sum he proposed to buy a small farm upon which his 15 year old son could be of material assistance. Since this matter is largely within the discretion of the trial court, we think such facts as outlined above are sufficient to bring this case within the exception to the rule that the compensation shall be paid in weekly installments. Texas Employers' Insurance Ass'n v. Finney et al., Tex. Civ.App., 45 S.W.2d 298; Indemnity Ins. Co. of North America v. Wright et ux., Tex.Civ.App., 69 S.W.2d 438.

■ The defendant assigns as error the testimony of Dr. J. H. Kelley and a special charge of the court in regard to his testimony. This witness testified that the plaintiff was totally and permanently incapacitated. On cross-examination, he admitted that he had taken into consideration subjective symptoms from plaintiff's own declarations to him in forming his opinion. The defendant then objected to his testimony and asked that it be stricken. On redirect examination, the witness stated emphatically that, if all subjective symptoms and statements of the plaintiff were taken from his consideration, his opinion would be the same, based solely upon objective symptoms under his own observation. At the conclusion of the testimony the court charged the jury not to consider any opinion of this witness which was based in part upon subjective symptoms or declarations made by the plaintiff to the witness. The court thereby sustained the objections previously urged by the defendant. The defendant then objected to the special charge given by the court and assigns this, together with his objections to the testimony of the witness as a whole, as error in the trial court. We do not think there was any error in the special charge as given. If there was any error, the defendant clearly invited it. Since the witness stated that his opinion would not be altered by an exclusion of all subjective symptoms, we think his testimony was not subject to the attack made upon it. This court recently decided this same question in a similar situation. Traders & General Insurance Company v. Milliken, Tex.Civ.App., 110 S.W.2d 108, opinion dated October 11, 1937.

■ The defendant contends there is a conflict of findings in the jury's answers to special issues 9, 10, and 12, which issues and the jury's answers thereto are as follows:

"Special Issue No. 9. Do you find, from the preponderance of the evidence, that the injuries, if any you have found plaintiff sustained on or about September 27, 1935, resulted in partial incapacity to the plaintiff? Answer 'Yes' or 'No'. Answer: No.

"Special Issue No. 10. Do you find, from the preponderance of the evidence, that the plaintiff's partial disability, if any you have found, was not caused solely by disease? Answer 'Yes' or 'No'. Answer: Yes.

"Special Issue No. 12. Do you find, from the preponderance of the evidence, plaintiff's partial incapacity, if any, following September 27, 1935, permanent? Answer 'Yes' or 'No'. Answer: No."

It is evident that the controlling issue in the three issues above submitted is issue No. 9, wherein the jury said there was no partial disability. Having found there was no partial disability, the other two issues are immaterial. We think issues 10 and 12 and the answers as given could be reasonably reconciled by the trial court

with all other issues as found by the jury, and it is apparent from the record that the trial court so reconciled these issues in conformity with the other controlling issues in the case. Texas & P. Ry. Co. v. Gillette et al., Tex.Civ.App., 100 S.W.2d 170; Texas Indemnity Ins. Co. v. Dean, Tex.Civ.App., 77 S.W.2d 748; Allen et al. v. Texas & N. O. R. Co., Tex.Civ.App., 70 S.W.2d 758.

Finding no reversible error in the record, the judgment of the trial court is affirmed.