## FEDERAL UNDERWRITERS EXCHANGE v. SEXTON.

No. 3846.

Court of Civil Appeals of Texas. Beaumont.

April 14, 1941.

Rehearing Denied April 30, 1941.

B. L. Collins, of Lufkin, and Will R. Saunders, of Dallas, for appellant.

Sumner Williams, Jr., Pitser H. Garrison, and Collins, Williams & Garrison, all of Lufkin, for appellee.

WALKER, Chief Justice.

This is a workman's compensation case, with T. O. Sutton & Sons the employer, appellee, George Sexton, the employee, and appellant, Federal Underwriters Exchange, the compensation insurance carrier. The case is before us on appeal from the judgment of the lower court, awarding appellee compensation against appellant in a lump sum for total, permanent incapacity. Appellant has prosecuted its appeal on two points.

■ The first point is that the court erred in overruling appellant's second motion for a continuance, based on the absence of appellant's witness, Dr. T. A. Mast. For the purpose of this opinion, we concede the materiality of Dr. Mast's testimony. At the May term, 1940, in granting appellant's first motion for continuance, granted on an application for the witness Dr. Mast showing that he was sick and not able to be in court, the case was specially set for the second day of October of the next ensuing term. The case was called for trial on October 3rd, and because of the absence of Dr. Mast, he being sick in the hospital, the case was postponed to October 7th, on agreement of counsel that Dr. Mast's oral depositions could be taken for use in the trial. Appellant made no effort to take Dr. Mast's testimony, and did not even notify him that the case had been postponed, to be called on the 7th. Appellant made no showing, except by its verified motion, that Dr. Mast's testimony could not have been taken. On the morning of the 7th, Dr. Mast went to Houston for treatment. By his controverting affidavit to appellant's motion for a continuance, appellee showed that Dr. Mast was suffering with an eye trouble; that he was in the hospital in the city of Nacogdoches, where this case was to be tried; that his oral depositions could have been taken at any time between the 3rd and the 7th; that had appellant notified Dr. Mast, he could have stayed over and attended the trial on the 7th. The case was not submitted to the jury until the 10th of October; appellant has made no showing that it could not have secured Dr. Mast's presence or taken his testimony between the 7th and the 10th. No subpoena was ever issued for Dr. Mast; appellant simply relied on his oral promises to be present and testify when the case was called. Having secured a continuance of the case at the preceding term because of the sickness of Dr. Mast, appellant made no effort to take his testimony between June 14, 1940, the date of the first continuance, and October 3rd, when the case was first called for trial. The first order in the case was made the 5th of February, 1940, setting the case for March 4th; on March 4th it was continued by agreement to the next term of court; on May 20th, at the next term of court, the case was set for trial on May 28th; on May 28th it was reset for trial on May 30th; on June 14th, as stated above, the case was continued on appellant's motion and specially set for October 2nd, at the next term of court. On the undisputed facts, appellant did not exercise due diligence to secure the testimony of Dr. T. A. Mast. Peurifoy v. Davis, Tex.Civ.App., 101 S.W.2d 625; American Nat. Ins. Co. v. Hammond, Tex.Civ.App., 91 S.W.2d 432; Texas Employers' Ins. Ass'n v. Howard, Tex.Civ.App., 61 S.W.2d 132; St. Louis Southwestern Ry. Co. of Texas v. Turner, Tex.Civ.App., 225 S.W. 383.

■ Appellant's second point is that the court erred in excluding a written instrument brought forward by appellant in its brief, signed by appellee, covering three pages of the brief, in which appellee purported to make a statement of the nature of his accident, how it was received, etc. In its bill of exception, appellant says that this instrument was "tendered in evidence for impeachment purposes insofar as the statement contained therein to the effect that Robert Dillard employed the plaintiff when he first began work at the mill, which was contradictory to the testimony given by the plaintiff upon the trial of this cause to the effect that one of the Mr. Suttons first employed him and that Robert Dillard did not employ him." A simple answer to this proposition is that the impeaching testimony was offered on an immaterial point; whether Robert Dillard or Mr. Sutton first employed appellee was wholly immaterial on any issue in the case.

The judgment of the lower court should be affirmed, and it is accordingly so ordered.

Affirmed.